ARTHUR B. HAMMOND, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 34659, 35764.   Promulgated April 30, 1953.

*J. Barnwell Phelps, Esq.*, for the petitioner.
*Merl B. Peek, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge:* The basic issue in this case is the deductibility of petitioner's expenses for food and lodging in Baton Rouge, Louisiana, in which city he was principally employed. It is petitioner's primary contention that those expenses constituted traveling expenses while away from home in the pursuit of a trade or business within the meaning of section 23 (a) (1) (A) of the Internal Revenue Code.

We are of the opinion that the decision of the Supreme Court in *Commissioner* v. *Flowers*, 326 U. S. 465, must control here. As we understand that decision, expenditures for meals and lodging at the taxpayer's place of principal employment must be considered personal and living expenses which are made expressly nondeductible under

section 24 (a) (1) of the Internal Revenue Code, even though the taxpayer for reasons of his own maintains a permanent residence elsewhere. In that case, the taxpayer's permanent residence was in Jackson, Mississippi, while the railroad company employing him as an attorney maintained its principal offices at Mobile, Alabama. The Supreme Court said (p. 473):

> The facts demonstrate clearly that the expenses were not incurred in the pursuit of the business of the taxpayer's employer, the railroad. Jackson was his regular home. Had his post of duty been in that city the cost of maintaining his home there and of commuting or driving to work concededly would be non-deductible living and personal expenses lacking the necessary direct relation to the prosecution of the business. The character of such expenses is unaltered by the circumstance that the taxpayer's post of duty was in Mobile, thereby increasing the costs of transportation, food and lodging. Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same.

This language is equally applicable to the case at bar. The fact that petitioner chose to maintain a permanent residence at a place away from the city where he was regularly employed does not serve to permit the deduction of his living expenses at his place of employment any more than it did in the case of *Flowers*. Petitioner's expenses were clearly not deductible and respondent properly disallowed them. See also *York* v. *Commissioner*, 160 F. 2d 385.

Petitioner argues in the alternative that if Baton Rouge is to be treated as the place of abode for tax purposes, then Hilda Phelps Hammond while employed in New Orleans should be regarded as away from home and thus entitled to deduct her board and lodging there. If petitioner's contention is correct, it follows that under the community property laws of Louisiana he would be entitled to deduct in his returns one-half of her allowable expenses. We find no merit in the contention. Under the principle of the *Flowers* case Hilda Phelps Hammond would not be entitled to her personal living expenses such as board and room while at her principal place of business in New Orleans.

The provisions of Louisiana law cited by petitioner to the effect that a married woman has no other domicile than that of her husband has no bearing on the question before us. We are not dealing with questions of domicile but, rather, with the principal place of employment of the taxpayer and the deductibility of living expenses at such place of work. Petitioner relies heavily on the case of *Wallace* v. *Commissioner*, 144 F. 2d 407, wherein the Circuit Court of Appeals for the Ninth Circuit found deductible the food and lodging expenses of a motion picture actress while working in Hollywood, California. The taxpayer's relations with Hollywood were, in the words of the court, "casual, professional and temporary." That case is obviously distinguishable from the case at bar, since petitioner's employment and

that of Hilda Phelps Hammond were concededly for an indefinite period and had continued for several years.

Petitioner further contends that the factual situation herein is analogous to that of an individual taxpayer who is engaged in two businesses requiring him to spend substantial amounts of time in different cities. He bases this contention on the "partnership of acquets and gains" established under the community property laws. We think the inaccuracy of the analogy is apparent. Petitioner concededly contributed nothing to Hilda Phelps Hammond's business in New Orleans, nor did she in any way assist in his work for the State Highway Department in Baton Rouge. Neither was ever required to leave his respective principal place of employment in pursuit of the business in the other city.

Respondent properly disallowed the deductions and the deficiencies must stand.

*Decisions will be entered for the respondent.*