HAMMOND

v.

COMMISSIONER OF INTERNAL
REVENUE.

No. 14758.

United States Court of Appeals
Fifth Circuit.

May 11, 1954.

J. Barnwell Phelps, New Orleans, La., for petitioner.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. Atty. Gen., Walter Akerman, Jr., Asst. Atty. Gen., Kenneth W. Gemmill, Asst. Chief Counsel Int. Rev., Charles E. Lowery, Sp. Atty. Int. Rev., Washington, D. C., Melva M. Graney, Sp. Asst. Atty. Gen., Hilbert P. Zarky, Sp. Asst. Atty. Gen., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

pounds, without regard to shrinkage results."

4. See Finding No. 16, supra.

**44**

HUTCHESON, Chief Judge.

This appeal is from a decision of the Tax Court,[1] disallowing taxpayer's claim to a deduction, under Sec. 23(a)(1)(A), I.R.C., 26 U.S.C.A. § 23(a)(1)(A), of money expended for food and lodging in Baton Rouge, Louisiana, where he went weekly from New Orleans, his home, to work for the State Highway Department. Struggling manfully to free his case from the rule of Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203, on the authority of which the Tax Court decided the case against him, the taxpayer is here insisting that the decision was wrong and must be reversed.

This insistence is based in part upon an attack upon the decision itself as founded upon, or at least induced by, considerations having no sound basis in the statute which it purports to construe and apply, and in part upon a decision of the Court of Appeals for the Ninth Circuit in Wallace v. Commissioner, 144 F. 2d 407, decided before the Flowers case. It is further based upon the fact that his wife was engaged in a business which had to be performed in New Orleans, where they lived, and the claim: that he and his wife constituted a partnership; and that, if his expenses in Baton Rouge were not properly deductible as expenses while away from home, on the theory that his home was in Baton Rouge where his business was, her expenses in New Orleans should be.

■ Of his claim to deduct his own expenses, it is sufficient to say, as was said in Carragan v. Commissioner, 2 Cir., 197 F.2d 246, 249, of a similar effort where a taxpayer who lived in New York sought to deduct expenses incurred in Philadelphia:

"Petitioner is fifteen years too late with his argument that living expenses in Philadelphia, his place of business, are deductible as 'traveling expenses * * * while away from home in the pursuit of a trade or business'. 26 U.S.C.A. § 23(a)(1)(A). A nation of city-hoppers and suburbanites though we may be, the Supreme Court has steadfastly refused to say that traveling expenses are incurred in the pursuit of business when they stem from the petitioner's refusal to bring his home close to his job. The job, not the taxpayer's pattern of living, must require the travel. Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203. * * * "

■ Neither does appellant stand any better on his alternative claim that if his expenses are not deductible, his wife's are. As quite correctly pointed out in the Flowers case, the expense deduction under 23(a)(1)(A) must be read in connection with the provisions of Sec. 24(a)(1), I.R.C., 26 U.S.C.A. § 24(a)(1), disallowing any deduction for personal living or family expenses. Every fact of record makes it clear that New Orleans is the home of the taxpayer and his wife. We think, therefore, that no reasonable theory presents itself for allowing what are undoubtedly personal living and family expenses in New Orleans, merely because Mrs. Hammond's work was there. This alternative theory is too tenuous, too fraught with unreasonable consequences to admit of consideration. If it were considered, the result could be that every family could have two workers, and, by the simple expedient of having one of the workers devote a little time to work in a different place, obtain for the community a deduction of family and living expenses incurred at its established place of residence.

The judgment was right and it is affirmed.

1. 20 T.C. 285.