Harry Scott v. Commissioner.
Scott v. Commissioner
Docket No. 66518.
United States Tax Court
T.C. Memo 1958-113; 1958 Tax Ct. Memo LEXIS 114; 17 T.C.M. (CCH) 619; T.C.M. (RIA) 58113; June 17, 1958
Norman H. McNeil, Esq., for the Respondent. TRAIN
Memorandum Opinion TRAIN, Judge: Respondent determined deficiencies in the petitioner's income tax for the years 1953 and 1954 in the respective amounts of $355.32 and $323.60. Two issues are presented for our determination: (1) Whether the period of limitation for assessment and collection of the tax had expired prior to the mailing of the statutory notice of deficiency under the provisions of section 275(a) of the Internal Revenue Code of 1939 and section 6501(a) of the Internal Revenue Code *116 of 1954. (2) Whether petitioner properly deducted the amounts expended for board and room at Valdez, Alaska, and for travel expense from Juneau, Alaska, to Valdez and return, as traveling expenses incurred while away from home in the pursuit of a trade or business under the provisions of section 23(a)(1)(A) of the 1939 Code and section 162(a)(2) of the 1954 Code or whether these expenses constitute personal living expenses within the meaning of section 24(a)(1) of the 1939 Code and section 262 of the 1954 Code. [Findings of Fact] All of the facts are stipulated and are hereby found as stipulated. During the years here involved, petitioner was a resident of Juneau, Alaska. He filed timely separate returns for the calendar years 1953 and 1954 with the district director for the District of Washington. The statute of limitations issue may be disposed of briefly. The petitioner filed his return for 1953 on February 8, 1954, and his return for 1954 on February 4, 1955. The due dates for the 1953 and 1954 returns were March 15, 1954, and April 15, 1955, respectively. Sec. 53(a)(1) of the 1939 Code; Sec. 6072(a) of the 1954 Code. The normal period of limitation on respondent's *117 issuance of a notice of deficiency provided by section 275(a) of the 1939 Code and unchanged by section 6501(a) of the 1954 Code is three years from the date the return is filed. However, petitioner apparently has overlooked the further provision that, in the case of an income tax return filed before the last day required by law (the due date), the three year period runs from the due date. Sec. 275(f) of the 1939 Code; Sec. 6501(b)(1) of the 1954 Code. Thus, the expiration date for 1953 was March 15, 1957, and for 1954 was April 15, 1958. The respondent mailed or issued his statutory notice covering both deficiencies in controversy on March 7, 1957. Therefore, the statute of limitations had not barred either deficiency at the time of the mailing of the deficiency notice. In 1949, petitioner signed an employment contract with the Alaska Road Commission (hereinafter called the Commission) for part-time work at Valdez, Alaska. He was initially employed in an excepted position under an indefinite appointment. He was paid an hourly rate and was subject to Civil Service retirement. Subsequent to 1949, no written contract has been entered into by the petitioner with respect to his employment. *118 On April 10, 1953, the petitioner was hired by the Commission at Juneau as a permanent wage-board employee. For the year 1949 and all subsequent years, petitioner has been employed by the Commission for work at Valdez during the summer months and extending usually for six to eight months each year, depending upon the weather and working conditions. The Commission maintained permanent offices in Valdez in 1953 and 1954. It also operates road repair and maintains facilities at Valdez throughout the year; however, certain functions can be performed only on a seasonal basis. Petitioner's employment was that of a fireman of a stationary steam boiler at an asphalt mixing plant at Valdez. Work for the Commission was not available to the petitioner during winter months at Valdez as the plant does not operate during those months due to severe weather conditions prevailing at that time at Valdez. At the completion of his period of employment at the end of each working season, petitioner returned to Juneau where he resided with his family until his work at Valdez was resumed. During such time, he was in a leave-without-pay or furlough status with the Commission. Petitioner did not engage in *119 any employment or business activity during the winter months that he spent with his family at Juneau. For each of the years up to 1953, the Commission paid petitioner's transportation expenses from Juneau to Valdez and return at the beginning and end of each work season. Petitioner was on the Commission's rolls in a leave-without-pay status on January 1, 1953. He was last furnished transportation by the Commission from Juneau to Valdez on April 13, 1953. Thereafter, the Commission has required him to pay his own transportation expenses from Valdez to Juneau and return because of his change of status to a permanent wageboard employee on April 10, 1953. Valdez is a small community with a population during the years in question of approximately four to five hundred residents. Examination of an atlas indicates that it is situated between four and five hundred miles from Juneau. During the summer months at Valdez, there were no government housing accommodations for dependents, and petitioner did not seek private housing accommodations. Although not required by the Commission, he chose to lodge at the Commission's barracks at Valdez for which he paid $1.25 per day. While at Valdez, *120 petitioner took all his meals at restaurants, of which there were several in town. The Commission had a meal contract with one of these restaurants in 1953, but petitioner did not avail himself of this facility. The Commission had no such facility in 1954. In any event, petitioner would have been charged for his meals. He ate at one restaurant or another as he chose. Petitioner actually expended for board and room at Valdez and travel expenses from Juneau to Valdez and return the following amounts: 1953
1954
Board and room
$1,218
$1,470
Travel
75
160
Totals
$1,293
$1,630
The above amounts were claimed by petitioner as deductions on his returns for 1953 and 1954 and their disallowance by respondent produce the deficiencies which are here in controversy. Since the petitioner made no appearance at the trial of this case and has submitted no brief, his argument in support of his position must be gleaned from the petition itself. While the provisions of law upon which the petitioner relies are not set forth, the petition declares that the determination of the respondent is based upon the following errors (insofar as here relevant): a. The deduction *121 for room and board is legally allowable since taxpayer was "away from home" during both the years 1953 and 1954 under the direction of his employer. b. The taxpayer owns and maintains a permanent home and residence in Juneau, Alaska, several hundred miles from Valdez, Alaska, where his employer required him to travel to perform his services. Further, the petition sets forth the facts upon which petitioner relies, in part as follows: "When in Valdez I had a bunk in the government bunk house for which I paid $1.25 per day. I was required to furnish my own bedding. My meals were taken elsewhere around town, which I paid for. I cannot understand why the government charged me lodging and at the same time want to charge me income tax on this amount, which means double expense for me, supporting one home in Juneau and another in Valdez, on a short summer job. That is why I deducted my extra expense in Valdez. "In other areas in Alaska, government employees in the territory on the DEW line are furnished board and room and free transportation. They too knew when they took this employment that they would be stationed in another part of Alaska. If board and room are not allowed for one *122 man away from home, why another. I do not understand why I am not allowed to deduct income tax on my extra expenses for board and room and transportation." [Opinion] One cannot fail but sympathize with this petitioner's declared inability to understand the rules governing the deduction of socalled "away-from-home" expenses. Persons presumably better versed than he in the complexities of income taxation have experienced a not dissimilar difficulty. Section 23(a)(1)(A) of the 1939 Code, on which, together with the identical provisions of section 162(a)(2) of the 1954 Code, we understand petitioner relies, provides, inter alia, for the deduction of "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." However, this seemingly plain and unambiguous language must be read and applied in conjunction with section 24(a)(1) of the 1939 Code which disallows any deduction for "Personal, living, or family expenses." The latter provision is continued substantially unchanged in section 262 of the 1954 Code. The law is well settled that as a general rule a taxpayer's living expenses while he is carrying *123 on his duties at a regular place of business are personal and not business. Commissioner v. Flowers, 326 U.S. 465 (1946); Hammond v. Commissioner, 213 Fed. (2d) 43 (C.A. 5, 1954), affirming 20 T.C. 285 (1953); William W. Todd, 10 T.C. 655 (1948); John D. Johnson, 8 T.C. 303 (1947). We find that petitioner's principal place of employment or post of duty continuously from 1949 and during the years 1953 and 1954 was Valdez. He had no other job, and he was employed by the Commission as a permanent employee. We cannot accept the characterization of the Valdez job in the petition as "a short summer job." Petitioner estimates the cost of his meals in Valdez at $4.50 a day, a figure which respondent does not dispute, and we have found that he paid $1.25 per day for lodging. Applying these amounts to the total expenditures for board and lodging which we have found for the years 1953 and 1954, it is apparent that petitioner worked at Valdez not less than seven months in 1953 and in excess of eight months in 1954. Under the circumstances, we find that petitioner's employment at Valdez during the years in controversy was permanent *124 or indefinite in duration and not temporary. Thus, the instant case is distinguished from James E. Peurifoy, 27 T.C. 149 (1956), revd. 254 Fed. (2d) 483 (C.A. 4, Nov. 11, 1957). If the employment is indefinite in character, traveling expenses are not deductible. James R. Whitaker, 24 T.C. 750 (1955). The facts in the instant case closely parallel those in Commissioner v. Flowers, supra, where, as here, the taxpayer maintained a residence by personal choice in a location considerably distant from his permanent post of duty. In the Flowers case, the Supreme Court set forth the following conditions which must be satisfied before a traveling expense can be deducted under section 23(a)(1)(A) of the 1939 Code, quoted above, (326 U.S. 465, 470): "(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. "(2) The expense must be incurred 'while away from home.' "(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection *125 between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade. "Whether particular expenditures fulfill these three conditions so as to entitle a taxpayer to a deduction is purely a question of fact in most instances." * * * The essential facts in the Flowers decision, supra, involved a situation where the taxpayer maintained his residence in one city but was required to conduct his employer's business in another city where his employer's main office was situated. The taxpayer claimed traveling expenses incurred in making the trips from the city of his residence to the city of his post of duty and expenditures for meals and hotel accommodations while at his post of duty. Basing its decision solely upon the requisites of the third condition of the statute, the Supreme Court said, 326 U.S. 465, at page 473: "The facts demonstrate clearly that the expenses were not incurred in the pursuit of the business of the taxpayer's employer, the railroad. Jackson was his regular home. Had his post of duty been in that *126 city the cost of maintaining his home there and of commuting or driving to work concededly would be non-deductible living and personal expenses lacking the necessary direct relation to the prosecution of the business. The character of such expenses is unaltered by the circumstance that the taxpayer's post of duty was in Mobile, thereby increasing the costs of transportation, food and lodging. Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remain the same." [Italics added]. The Flowers case, supra, involved the same basic issue as is present in the instant case. Here petitioner engaged in work for no other employer except the Commission since 1949 and in the years involved. He has had only one post of duty or principal place of employment during these years and its situs is Valdez. He did not move his family to this place of employment, but rather, he chose to maintain permanent residence at a place away from its situs. His employer, except for the trip to Valdez in 1953, furnished neither transportation nor living expense during the years here involved. Clearly, the language of the Flowers *127 case, supra, is applicable to the case at bar. Under the circumstances here present, we find that petitioner, during the years in controversy, incurred no travel expenses, including meals and lodging, incident to carrying on of his trade or business as a Government employee while away from home in pursuit of a trade or business. We find further that petitioner's living and transportation expenses during the years in controversy had no relation to the conduct of his employer's business. In view of these findings, the expenses in question are not deductible. Commissioner v. Flowers, supra.
Decision will be entered for respondent.