Morton L. E. Chwalow and Esther L. Chwalow v. Commissioner.
Chwalow v. Commissioner
Docket No. 4228-70 SC.
United States Tax Court
T.C. Memo 1971-185; 1971 Tax Ct. Memo LEXIS 148; 30 T.C.M. (CCH) 770; T.C.M. (RIA) 71185; July 29, 1971, Fild. Morton L. E. Chwalow, pro se, Conshokochen State Rd., Apt. C-3, Bala Cynwyd, Pa. Howard W. Gordon and Brian J. Seery for the respondent. INGOLIA
Memorandum Opinion INGOLIA, Commissioner: The respondent determined a deficiency in income tax for the calendar year 1967 of $794.09. The issue for decision is whether the petitioner is entitled to deduct as an ordinary and necessary business expense the amount of $2,417.50 for living expenses incurred in 1967 as "away from home" expenses within *149 the meaning of section 162(a)(2) of the Internal Revenue Code of 1954. [1] The parties moved jointly to submit this case as fully stipulated under Rule 30 of the Court's Rules of Practice, which motion was granted by the Court. All of the facts have been stipulated and the stipulation of facts, together with the exhibits attached thereto, are incorporated herein by reference. The petitioners, Dr. Morton Chwalow and Esther Chwalow, husband and wife, were residents of Bala Cynwyd, Pennsylvania, at the time the petition herein was filed. For the year 1967, the filed a joint income tax return with the District Director of Internal Revenue at Philadelphia, Pennsylvania. On their return they deducted $3,167.50 under "Miscellaneous Deductions". They arrived at this figure by multiplying $70 per week for food and rent by 45 1/2 weeks. Of this amount, the Commissioner allowed $750 as living expenses of Dr. Chwalow while he was temporarily working at the Kollsman Instrument Company in Long Island, New York. This allowance was reached by multiplying $75 per week *150 for 10 weeks. Dr. Chwalow is a physicist whose specialty is military optics and electro-optics encompassing areas including, but not limited to, night vision, laser range finding and missile guidance, aerial reconnaissance, etc. In March of 1967, Dr. Chwalow went to work for 771 IBM in the Federal Systems Division of the Space Systems Center. At the time he was employed, Dr. Chwalow accepted the position under the following conditions: He would be allowed to consult for the Department of Defense and its agencies, e.g., Frankford Arsenal. He would be allowed to accept part time, non-interference, teaching positions with universities. He would be conditionally released to accept part time employment with his preceding employer with regard to a special matter of litigation. From March to July of 1967, he worked at Rugby Avenue in Bethesda, Maryland; from July, 1967 to October, 1968, at Research Drive in Rockville, Maryland; from October, 1968 to June, 1969, again at Rugby Avenue in Bethesda; and from June, 1969 until the present, at Frederick Pike in Gaithersburg, Maryland. In August of 1968, IBM transferred its Space Systems Center Headquarters from Bethesda to Huntsville, *151 Alabama. At that time, IBM considered transferring Dr. Chwalow to Huntsville, but did not do so. At the present time, he is working with optical and electrooptical problems for the Components Division of IBM located in E. Fishkill, New York. Dr. Chwalow's complete work history is summarized as follows: March 1967 to present - IBM, Federal Systems Division, Washington, D.C. November 1965 to March 1967 - Kollsman Instrument Corp., Long Island, N. Y.
January 1964 to November 1965 - Melpar, Inc., Falls Church, Virginia
February 1956 to January 1964 - Frankford Arsenal, Philadelphia, Pa. (Dr. Chwalow was named Civil Servant of the year, Philadelphia, Pa., 1959) October 1953 to February 1956 - Technion - Israel Institute of Technology, Israel
July 1951 to October 1953 - Frankford Arsenal, Philadelphia, Pa. May 1947 to July 1951 - Socony Vacuum Laboratories, Paulsboro, N.J. September 1946 to May 1947 - Picatinny Arsenal, Dover, N.J.
April 1944 to September 1946 - Code of 624 Bureau of Ships & US NavalObservatory, Washington, D.C. September 1943 to April 1944 - University of Maryland, College Park, Md.
June 1941 to September 1943 - Naval Aircraft Factory, Philadelphia, *152 Pa. 1939-1941 - DuPont Fellow in Physics, University of Pennsylvania, Philadelphia, Pa.
1937-1939 - Graduate Assistant in Physics, Syracuse University, Syracuse, N. Y.
From 1967 and during the entire period he was employed with IBM, Dr. Chwalow has maintained a residence at 2747 Ordway St., N.W., Washington, D.C. None of the three locations at which he worked was closer than 5 miles nor more than 17 miles from his Washington residence. Since he does not drive an automobile, he used public transportation for the Rockville and Bethesda locations and a combination of public transportation and an IBM special chartered bus for Gaithersburg. In addition to the Washington, D.C. residence, the petitioners have maintained a residence at Bala Cynwyd, Pennsylvania, from 1967 to the present. Mrs. Chwalow is employed as a teacher in the Philadelphia public school system and specializes in working with deaf children. The issue the Court must decide is whether the petitioners are entitled to deduct expenses for meals and lodging incurred in 1967 as "away from home" expenses within the meaning of section 162(a)(2). [2] The respondent argues that Dr. Chwalow was not "away from home" in 1967 *153 because he was permanently employed in the Washington, D.C. area, which was his "tax home". He characterizes Dr. Chwalow's decision to work for IBM in Washington, D.C., and his maintenance of a residence in Pennsylvania as "personal" decisions giving rise to personal living expenses which are nondeductible under section 262. [3]
On the other hand, the petitioners argue that Dr. Chwalow's employment in Washington was temporary and that he was "away from home" within the meaning of section 162. They seek to support this view by arguing that: 772 *154 (1) Dr. Chwalow has not as yet been able to practice his specialty with IBM and that he may be required to move to Oswego, New York, in the future; (2) That uprooting Mrs. Chwalow to Washington will interrupt her teaching of deaf children, thereby constituting a detriment to the public; and (3) That the situation in which the petitioners find themselves is neither of their creation nor choice. The word "home" as used in section 162 does not mean the taxpayer's domicile or residence. It is a term of art which this Court has consistently held is the taxpayer's "principal place of business, employment or post or station at which he is employed". Lloyd G. JYONES, 54 T.C. 734, 739-741 (1970); Rendell Owens, 50 T.C. 577, 580-582 (1968); Ronald D. Kroll, 49 T.C. 557, 561-562 (1968); Floyd Garlock, 34 T.C. 611, 614 (1960). See also, Commissioner v. Stidger, 386 U.S. 287 (1967), 19 AFTR 2d 959, where the Supreme Court defined a military taxpayer's post of duty as his "tax home". An exception to the "away from home" requirement would permit a deduction when the petitioner's employment is not of a permanent nature *155 and is temporary rather than indefinite. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958), 2 AFTR 2d 6055, and cases cited therein. The rule is succinctly set forth in Ronald D. Kroll, supra, at 562: "But if a taxpayer has a principal place of employment in one location and accepts temporary work at another location, his presence at the second location is regarded as 'away from home'. * * * However, if the taxpayer, having a principal place of employment in one location, accepts work at another location which is not temporary but is of indefinite or indeterminate period, his presence at the second location is not regarded as 'away from home'. * * * Further, if the employment while away from home, even if temporary in its inception, becomes substantial, indefinite, or indeterminate in duration, the situs of such employment for purposes of the statute becomes the taxpayer's home. * * *" In the instant case, the petitioners have failed in their burden of proving the respondent's determination invalid. Welch v. Helvering, 290 U.S. 111 (1933), 12 AFTR 1456. The record requires us to hold that Dr. Chwalow was employed by IBM for an indefinite or *156 indeterminate period in the Washington, D.C. area, rather than on a temporary basis. It may well be true, as the petitioner argues, that he has not had a chance to fully practice his specialty during his employment in Washington, but this is not a basis for concluding that his employment was temporary. He notes he was happy to be working under IBM's "full employment policy" and there is no indication he would have left because he was not able to fully practice his specialty. Indeed, the record is devoid of any evidence that Dr. Chwalow's work in Washington would be of short duration. He has remained in the same area continuously since 1967. While, as in many jobs, it appears there was a certain degree of impermanence and possibility of transfer, his stay in Washington could hardly be viewed as "temporary" or "of short duration". As to the maintenance of a residence in Bala Cynwyd, Pennsylvania, in addition to the Washington, D.C. residence, we can only compliment petitioners on their motives. Certainly, the continuance of Mrs. Chwalow's work was highly desirable. Unfortunately, when viewed in the light of section 162 and the case law evolving from it, we have no choice but to hold *157 that the expenses were personal. Robert A. Coerver, 36 T.C. 252, aff'd (C.A. 3rd, 1962), 297 F. 2d 837, 9 AFTR 2d 585; Arthur B. Hammond, 20 T.C. 285, aff'd (C.A. 5th, 1954), 213 F. 2d 43, 45 AFTR 1530. As in Commissioner v. Flowers, 326 U.S. 465 (1946), 34 AFTR 301, the expenses incurred for the Pennsylvania residence were in no way connected with the pursuit of the business of Dr. Chwalow's employer and were personal in nature. If they were connected with a trade or business, they related to Mrs. Chwalow's employment. As such, they were personal expenses because they were not incurred while "away from home" under section 162. Obviously, Bala Cynwyd, Pennsylvania, was Mrs. Chwalow's "tax home", since she worked in the immediate vicinity. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. 773 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business, and * * *. ↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩