VIRGINIA FOOTE AND LOU FOOTE, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8927–74.   Filed October 4, 1976.

Virginia Foote, pro se.
*Roy L. Allison,* for the respondent.

SIMPSON, *Judge:* The Commissioner determined a deficiency of $237.30 in the petitioners' Federal income tax for 1972. One issue has been conceded; the issues remaining for decision are: (1) Whether the petitioners are entitled to deduct expenditures for lodging in Austin, Tex., as traveling expenses under section 162(a)(2) of the Internal Revenue Code of 1954;[1] and (2) whether the petitioners may deduct automobile expenses incurred by the petitioner Lou Foote in travel-

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.

1

ing between Austin and the petitioners' ranch in Lockhart, Tex., as trade or business expenses.

FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioners, Lou Foote and Virginia Foote, husband and wife, maintained their legal residence in the State of Texas at the time of filing the petition herein. They filed their joint Federal income tax return for the year 1972 with the District Director of Internal Revenue, Austin, Tex.

During 1972 and at the time of trial, the petitioners were the owners of a 320-acre ranch located near Lockhart, Tex., and approximately 30 miles from their lodging in Austin, Tex. Prior to 1964, they lived at the ranch.

In the spring of 1964, Mrs. Foote accepted employment as a counselor with the Austin Independent School District (school district). When originally employed, she was advised by the personnel officer that she must maintain an Austin address as a condition of her employment. From the spring of 1964 until the time of trial, the petitioners lived in various rented premises in Austin during the 10 months of the school year.

Mrs. Foote continued to be employed as a counselor with the school district in 1972. During the 1972 school year, the petitioners lived in a trailer on a rented lot in Austin and spent weekends at their ranch in Lockhart. They usually traveled to the ranch on Friday evening and returned to Austin on Sunday evening. During 1972, they paid $500 to rent land for the trailer and for utilities used in connection therewith and deducted such amount on their return for that year as a travel expense.

During 1972, Mr. Foote was not employed in Austin, but operated their ranch. The petitioners had attempted to employ someone to live at the ranch and care for the livestock, but had been unsuccessful in their efforts. Therefore, during the week, Mr. Foote regularly made daily round trips from Austin, where he lived with his wife, to their ranch near Lockhart to feed and water the cattle and take care of other ranch business. From February 23, 1972, through June of 1972, Mr. Foote was ill and unable to work. During this period, Mrs. Foote made 70 trips from Austin to the ranch to

feed and water the cattle. On their 1972 return, the petitioners deducted $1,440 as automobile expenses for travel while away from home on business. The Commissioner initially disallowed the entire deduction, but now concedes that the petitioners are entitled to a deduction of $504 for expenses incurred by Mrs. Foote in traveling to the ranch to care for the cattle during her husband's illness.

The petitioners' major source of income in 1972 was Mrs. Foote's salary as a counselor; the operation of the ranch resulted in a net loss of $2,868.09.

OPINION

In this case, we are again required to apply the abstruse concepts involved in determining where a taxpayer's home is for tax purposes. As a general rule, the costs of maintaining one's home are personal nondeductible expenses. Sec. 262. However, section 162(a)(2)[2] allows a taxpayer to deduct his expenses for lodging if they are incurred while traveling away from home. In 1946, the Supreme Court established three criteria for determining whether travel expenses are deductible: (1) The expense must be reasonable and necessary; (2) the expense must be incurred "while away from home"; and (3) the expense must be incurred in the pursuit of a trade or business. *Commissioner v. Flowers*, 326 U.S. 465, 470. In order to be deductible, an expenditure must satisfy all three conditions.

The petitioners argue that the ranch in Lockhart was their home and that expenditures incurred for lodging in Austin are deductible as expenses incurred while away from home in the pursuit of a trade or business. Although they undoubtedly regarded the ranch in Lockhart, rather than the trailer in Austin, as their home, their subjective intention is not controlling for tax purposes. In construing section 162(a)(2) and its predecessors, this Court has consistently applied an

---

[2] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

  * * *

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *

objective test for determining a taxpayer's home. E.g., *Ronald D. Kroll,* 49 T.C. 557 (1968); *Harold R. Johnson,* 17 T.C. 1261 (1952); *Raymond E. Kershner,* 14 T.C. 168 (1950); *Mort L. Bixler,* 5 B.T.A. 1181 (1927). In explaining the rule, we and other courts have repeatedly pointed out that a taxpayer is expected to maintain his home at or near his place of employment and that only when he is required by his business to travel away from such place are his expenses for lodging deductible. See *Commissioner v. Flowers,* 326 U.S. at 473–474; *Barnhill v. Commissioner,* 148 F.2d 913, 917 (4th Cir. 1945), affg. a Memorandum Opinion of this Court; *Truman C. Tucker,* 55 T.C. 783, 785–786 (1971); *Ronald D. Kroll, supra* at 562; *Mort L. Bixler, supra* at 1184. Austin was Mrs. Foote's principal place of business in 1972 and, therefore, was her home for tax purposes. Hence, she was not away from home while living in Austin, and the portion of the expenditures for rent and utilities attributable to her[3] is not deductible.

Since, in 1972, Mr. Foote's business consisted of operating the ranch, Lockhart was his home for tax purposes. *Ronald D. Kroll,* 49 T.C. at 561–562; *Harold R. Johnson,* 17 T.C. at 1263; *Raymond E. Kershner,* 14 T.C. at 174. Accordingly, he was away from home while living in Austin; however, his absence from home was not required by his trade or business. *Commissioner v. Flowers,* 326 U.S. at 470. He did not live in Austin because his business required him to do so; he lived there because of his personal desire to be with his wife. Accordingly, his share of the expenses for rent and utilities is not a deductible business expense but is a nondeductible personal expense.

The petitioners concede that the expenses of maintaining one home are nondeductible personal, living, or family expenses under section 262, but they assert that because Mrs. Foote's employment required them to maintain a second home in Austin, the expenses of maintaining that second home should be deductible. Similar situations were considered by the Court in *Robert A. Coerver,* 36 T.C. 252 (1961), affd. per curiam 297 F.2d 837 (3d Cir. 1962), and *Arthur B. Hammond,*

---

[3] The record does not indicate what portion of the expenses for rent and utilities is attributable to Mrs. Foote and what portion is attributable to Mr. Foote. However, in our view of this case, it is unnecessary to make a finding on this point.

20 T.C. 285 (1953), affd. 213 F.2d 43 (5th Cir. 1954). In each of these cases, a husband and wife were both employed, and because their employments were widely separated, it was necessary for them to establish a second home and to incur additional expenses for maintaining that second home. Yet, in both cases, the Court held that the home of each taxpayer for tax purposes must be considered to be in the vicinity of his employment and that, therefore, the additional expenses were not incurred in traveling away from home for tax purposes. It is immaterial whether the additional expenses of maintaining a second home are incurred because of an employer requirement or because of the distance between the employments of the two spouses; in either event, the expenses of maintaining a home in the vicinity of each spouse's employment are personal and nondeductible.

Moreover, the purpose of section 162(a)(2) is to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur duplicate living expenses. *Truman C. Tucker,* 55 T.C. at 786; *Ronald D. Kroll,* 49 T.C. at 562. Here, the duplicate living expenses were incurred, not because of the exigencies of business, but because of personal considerations. The school district derived no benefit from Mrs. Foote's decision to continue to maintain her home in Lockhart while working in Austin; nor did her employment require her to maintain two places of abode. Compare *United States v. LeBlanc,* 278 F.2d 571 (5th Cir. 1960). She could have satisfied the requirement of her employer and avoided duplicate living expenses if she and her husband had decided to maintain their only home in Austin. Mrs. Foote may not, for personal reasons, continue to maintain her home in Lockhart, where she is not engaged in a trade or business, and deduct expenses for lodging in Austin, a place where she is engaged in business. *Commissioner v. Flowers,* 326 U.S. at 473; *James M. Eaves,* 33 T.C. 938, 941 (1960); *Mort L. Bixler,* 5 B.T.A. at 1184. However justified their arrangements may have been from a subjective point of view, the expenditures were not ordinary and necessary business expenses under section 162(a)(2). *Commissioner v. Peurifoy,* 254 F.2d 483 (4th Cir. 1957), revg. 27 T.C. 149 (1956), affd. per curiam 358 U.S. 59 (1958).

The second issue concerns the deductibility of expenses incurred by Mr. Foote for transportation between Austin and his ranch near Lockhart. The petitioners maintain that these expenses are deductible under section 162(a)(2) as travel expenses incurred while away from home in the pursuit of a trade or business. However, these expenses were not directly connected with the trade or business of ranching, but were incurred because of Mr. Foote's decision to live in Austin while working in Lockhart. It is well established that the costs of commuting from one's residence to one's place of business or employment are nondeductible personal expenses. Sec. 1.262–1(b)(5), Income Tax Regs.; *Fausner v. Commissioner*, 413 U.S. 838 (1973); *Steinhort v. Commissioner*, 335 F.2d 496 (5th Cir. 1964), affg. and remanding a Memorandum Opinion of this Court; *Commissioner v. Peurifoy, supra; Eugene G. Feistman*, 63 T.C. 129 (1974); *William L. Heuer, Jr.*, 32 T.C. 947 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). A taxpayer who for personal reasons chooses to maintain his residence at a distance from his employment may not deduct the costs of traveling to and from his place of employment. *Commissioner v. Peurifoy*, 254 F.2d at 487; *Barnhill v. Commissioner*, 148 F.2d at 917.

The petitioners attempt to distinguish their case from others involving the deductibility of commuting expenses by pointing out that Mr. Foote was required to live in Austin if he was to live with his wife. They assert that, in denying a deduction for travel expenses in their case, the tax laws penalize married couples for living together. Again, we believe that the petitioners' situation does not differ materially from that of other married couples. If both spouses are employed, it is often impossible for them to reside near the place of employment of both so that one spouse necessarily will incur commuting expenses. Regardless of the distance traveled, the nature of these expenditures remains the same. *Commissioner v. Flowers*, 326 U.S. at 473. The personal considerations involved in the petitioners' situation do not alter the fact that Mr. Foote's expenses of traveling to the ranch are nondeducti-

ble commuting expenses. See *William L. Heuer, Jr.,* 32 T.C. at 951–952.

*Decision will be entered under Rule 155.*