MICHAEL V. ANDERSON and ALISA J. ANDERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 13972-89
United States Tax Court
T.C. Memo 1991-486; 1991 Tax Ct. Memo LEXIS 535; 62 T.C.M. (CCH) 875; T.C.M. (RIA) 91486; September 30, 1991, Filed *535 Decision will be entered under Rule 155. Robert F. Wright, Jr., for the petitioners. Mark S. Mesler and Donald W. Williamson, Jr., for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code. [1]
Respondent determined deficiencies in petitioners' Federal income tax for the years 1984, 1985, and 1986, in the amounts of $ 190, $ 7,404, and $ 6,734, respectively. The issues for our decision are (1) whether petitioners are entitled to deductions for the years in question under section 162(a)(2) for traveling expenses while away from home in pursuit of a trade or business, and (2) whether petitioners are entitled to a deduction of $ 1,679 for moving expenses in 1986. Petitioners allege that they were improperly disallowed *536 the use of the income averaging method. As they did not raise this issue in their brief, it is deemed abandoned. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided in August, Georgia, when they filed this petition. Petitioners Michael and Alisa Anderson lived in a home which they owned in Madison, Indiana, the town where both had been raised and where they worked at the Marble Hill nuclear plant during its construction phase. Michael Anderson was a heating, ventilation, and air conditioning engineer, and Alisa Anderson worked in Project Controls scheduling construction activities. In January 1984, when the project was approximately half completed, construction was discontinued. Mrs. Anderson lost her job in January and Mr. Anderson lost his a month later. Construction of Marble Hill was the chief economic activity in Madison at that time, and, with discontinuation of the nuclear project, Michael and Alisa Anderson could not find suitable employment in the area. Mr. Anderson accepted work at a nuclear *537 plant in Clinton, Illinois, in July 1984, and within a month Mrs. Anderson joined him, also obtaining work at a nuclear plant in Illinois. Petitioners rented a house in Champaign, Illinois. Before Mr. Anderson was hired, he was told that his job would probably last from 12 to 18 months, and, in fact, he worked in Clinton from July 1984, until January 1986. Early in 1986, petitioners again sought, but were unable to find, employment in Madison, Indiana. In March 1986, Mr. Anderson accepted a job at Plant Vogtle in Waynesboro, Georgia. Mrs. Anderson moved there with him. She was not able to find a job in the Waynesboro area, so in September 1986, she accepted a job expected to be of 4 months' duration in Taft, Louisiana. In fact, she worked in Taft for 6 months before construction was completed on the nuclear plant at which she was employed. She made occasional weekend trips to Waynesboro and rejoined her husband there in March 1987. Mrs. Anderson deducted her living expenses, including rental of an apartment and furniture and the cost of meals and transportation, as expenses "away from home" under section 162(a)(2). At the termination of Mr. Anderson's employment at Plant *538 Vogtle, he tried to obtain work in Madison, but was again unsuccessful. In 1986, petitioners had listed their house in Madison for sale. Mr. Anderson accepted a job in October 1987, at the Savannah River Plant in Aiken, South Carolina. Michael and Alisa Anderson had strong ties to Madison, Illinois, where their families continued to live and where they still owned a house and maintained church membership and voter registration. They made monthly trips to Madison and desired to return permanently. In 1984, they rented their house for 4 months to Mrs. Anderson's sister. In 1986, they rented the house to an unrelated party on a month-to-month basis, all in hopes of returning to Madison. In the interim, the house was vacant, but was not advertised for rent. For 1984, 1985, and 1986, petitioners deducted depreciation and expenses on the house, including travel expenses to and from Madison for house maintenance, in the amounts of $ 4,358, $ 4,888, and $ 4,421, respectively. For 1984, petitioners claimed a deduction of $ 2,430 under section 217 for the expenses of moving from Madison, Indiana, to Champaign, Illinois, and for 1986 they claimed a deduction of $ 1,649, the expenses *539 of their move from Champaign, Illinois, to Waynesboro, Georgia. In 1986, petitioners filed an amended return for 1984, claiming a deduction of $ 17,732 under section 162(a)(2) for employee business expenses while away from home in pursuit of a trade or business. For 1985, they deducted $ 18,652, and for 1986, they deducted $ 15,595 as employee business expenses under section 162(a)(2). The 1986 deduction represented expenses for Mr. Anderson's stay in Waynesboro, Georgia, and for Mrs. Anderson's stay in Taft, Louisiana. Respondent disallowed the deductions for expenses away from home under section 162(a)(2). Respondent contends that petitioners' employment in Illinois and Georgia resulted in their establishing with each move a new tax home in the area of their employment. Thus, the expenses claimed were nondeductible, personal expenses under section 262. Respondent also argues that deduction of living expenses paid while away from home is inconsistent with deduction of expenses in seeking a new home and moving. Respondent allowed the deductions for expenses and depreciation on petitioners' house for 1984, 1985, and 1986. Respondent also allowed the 1984 moving expense deduction, *540 but disallowed the 1986 moving expense deduction on the grounds of inadequate substantiation. Section 162(a)(2) allows a taxpayer to deduct traveling expenses, including the cost of meals and lodging, if such expenses are (1) ordinary and necessary; (2) incurred while "away from home"; and (3) incurred in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470, 90 L. Ed. 203, 66 S. Ct. 250 (1946); Foote v. Commissioner, 67 T.C. 1, 3 (1976). The purpose of the deduction is to allow a taxpayer relief for the additional or duplicate expenses incurred while away from home on business. Commissioner v. Flowers, supra; Brandl v. Commissioner, 513 F.2d 697, 699 (6th Cir. 1975), affg. a Memorandum Opinion of this Court; Bochner v. Commissioner, 67 T.C. 824, 827 (1977). The resolution of this case depends on whether petitioners incurred their expenses while "away from home." This presents a factual question for which petitioners have the burden of proof. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). The word "home" as used in section 162(a)(2) is a term of art. It does not mean the taxpayer's domicile, but rather his "tax home," i.e., his principal place of *541 business, employment, or station of duty. Jones v. Commissioner, 54 T.C. 734 (1970), affd. 444 F.2d 508 (5th Cir. 1971). Determining a taxpayer's "home" for purposes of section 162(a)(2) requires an assessment of the taxpayer's contacts with his alleged tax home. Some of the relevant contacts include (1) the time the taxpayer has spent at his tax home; (2) his business connections in the vicinity of his tax home; (3) his prospects for future employment in the area; and (4) whether the taxpayer incurred substantial continuing expenses at the tax home. See Brandl v. Commissioner, supra at 699; Bochner v. Commissioner, supra at 828. Generally, a taxpayer is entitled to deduct his travel expenses only when travel is required by the exigencies of his employer's business. Commissioner v. Flowers, supra at 472-473. The Tax Court recognizes a narrow exception to this rule when the taxpayer's employment is "temporary" as contrasted with "indefinite" or "indeterminate." Thus, a taxpayer continues to have his "home" at his regular place of employment if he accepts "temporary employment of short duration" at another location; but if the assignment is of "substantial" *542 or "indefinite" duration, the second location becomes his "home" within the meaning of section 162(a)(2). Commissioner v. Peurifoy, 254 F.2d 483, 486-487 (4th Cir. 1957), affd. 358 U.S. 59, 3 L. Ed. 2d 30, 79 S. Ct. 104 (1959); Jones v. Commissioner, supra.In such a case, a taxpayer may deduct his expenses away from home even though such expenses are required not by the exigencies of the employer's business, but by the exigencies of the employee's business as an employee. Peurifoy v. Commissioner, supra.
Respondent contends that petitioners established new tax homes with their moves to Champaign, Illinois, and Waynesboro, Georgia. On the other hand, petitioners claim that their house in Madison, Indiana, was their home and that, therefore, they have met the "away from home" requirement by virtue of their "temporary" employment at various nuclear projects. On the basis of our review of the entire record, we find that petitioners' contacts with Madison, Indiana, were so minimal after their move in 1984 that their residence there cannot be considered their tax home. However strong their desire to return to Madison, petitioners were aware when they accepted jobs in Illinois and Georgia that *543 there were no jobs at comparable pay available in Madison. Mr. Anderson testified that Madison was a small town and that, with the closing of the Marble Hill Plant in 1984, it was "dying." The fact that the Andersons had no prospects of returning to Madison at their accustomed pay level became clearer as they searched for, and were unable to find, jobs in Madison in 1986. Petitioners spent a very limited amount of time in Madison; they spent a weekend approximately monthly and spent their vacation there. Their choice to retain a residence in Madison was motivated by personal rather than business considerations. Furthermore, they reduced the burden of duplicate expenses by deducting the expenses of their house as a rental property, despite the fact that it was not advertised for rent in the manner of a business property. Under these factual circumstances, we do not believe that Madison was petitioners' tax home after they moved to Champaign, Illinois, in 1984. From the time of their move to Illinois, they lacked any business connection with Madison or any reasonable expectation of returning. Therefore, we hold that petitioners are not entitled to deduct travel expenses under *544 the provisions of section 162(a)(2). To hold otherwise "would place petitioners' home where * * * [their] heart lies and render section 162(a)(2) a vehicle by which to deduct the full spectrum of one's personal and living expenses." Bochner v. Commissioner, supra at 828-829. Additional facts in the record are inconsistent with petitioners' maintaining their tax home in Madison. For 1984, petitioners deducted expenses in the amount of $ 2,430 for moving to a new residence, including expenses for looking for a new residence and temporary living expenses in the new location. They deducted expenses, including depreciation, on their house in Madison, Indiana, and expenses of $ 820 for travel to and from the house. These deductions are allowable only if the house was a rental property, not a personal residence. When petitioners amended their 1984 tax return to claim deductions for section 162(a)(2) expenses "away from home," they did not recapture the deductions which they had claimed for the expenses of moving or maintaining their house as a rental property. Again for 1986, petitioners claimed a deduction in the amount of $ 1,649 for their moving expenses between Champaign, *545 Illinois, and Waynesboro, Georgia. Petitioners appear to have wanted to have their cake and eat it too. Concerning Mrs. Anderson's expenses in Taft, Louisiana, we hold that these expenses are not deductible. Despite the fact that her employment in Louisiana was temporary in duration, she is not entitled to deduct her living expenses in Louisina as expenses "away from home." We find that for tax purposes she never established a home in Waynesboro, Georgia, and hence is not entitled to deduct expenses "away from home." A taxpayer must have established business contacts, not merely personal contacts, with the claimed tax home in order to deduct the expenses of temporary employment. Deamer v. Commissioner, 752 F.2d 337 (8th Cir. 1985), affg. a Memorandum Opinion of this Court. In order to deduct expenses away from home, the taxpayer must have "a well established tax home." Commissioner v. Peurifoy, supra at 486. He must first maintain a residence in the area of his principal place of employment and subsequently travel to a different location for temporary work in order to be considered "away from home." Michel v. Commissioner, 629 F.2d 1071 (5th Circuit 1980), affg. *546 a Memorandum Opinion of this Court. It is well settled that husband and wife may have different tax homes when they are employed in different locations. Coerver v. Commissioner, 36 T.C. 252 (1961). The common law rule that the husband's home is the domicile of the wife has no application for purposes of determining a tax home under section 162(a)(2). Foote v. Commissioner, 67 T.C. 1 (1976); Hammond v. Commissioner, 20 T.C. 285, 287 (1953), affd. 213 F.2d 43 (5th Cir. 1954). We refer again to the criteria listed above which are used by this Court to determine tax home. Mrs. Anderson spent minimal time in Waynesboro before accepting a job in Louisiana; she never succeeded in establishing business contacts in Waynesboro, despite efforts to find a job. Consequently, she did not establish a tax home in Waynesboro before her sojourn in Louisiana and is thus not entitled to deduct expenses away from home. Section 217 allows a deduction for the expenses of moving to a new principal place of work. Respondent allowed petitioners' deduction for moving expenses in 1984, but disallowed the deduction in 1986 for lack of substantiation. Petitioners did not have receipts for *547 their moving expenses, but produced a letter from Mr. Anderson's employer, dated June 13, 1989, stating that his earnings for 1986 included $ 1,679 for moving expenses. Whether petitioners may deduct their claimed moving expenses depends upon the applicability of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). The decision in Cohan permits a deduction based on estimates when the Court is convinced, from the record, that the taxpayer has incurred deductible expenses. As stated in Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957), Cohan requires that "there is sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was, in fact, spent or incurred for the stated purpose." (Emphasis in the original.) The statement from the employer indicates that petitioner did document his moving expenses to the employer's satisfaction to the extent of $ 1,679. This evidence is sufficient to permit us to apply Cohan to these facts. On the basis of the record, petitioner is entitled to deduct $ 1,679 in moving expenses for 1986. Decision will be entered under Rule 155 *548 . Footnotes
1. All section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩