DONALD G. and OLIVIA A. PROUSE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prouse v. Commissioner
Docket No. 5570-93
United States Tax Court
T.C. Memo 1994-565; 1994 Tax Ct. Memo LEXIS 573; 68 T.C.M. (CCH) 1205; November 10, 1994, Filed *573 Decision will be entered under Rule 155. Donald G. and Olivia A. Prouse, pro sese. For respondent: Victor A. Ramirez. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' Federal income taxes for the years 1989 and 1990 of $ 4,513.93 and $ 791, respectively. Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in Buhl, Idaho, on the date the petition was filed in this case. Petitioners timely filed joint Federal income tax returns for the years 1989 and 1990. After concessions, the issues remaining for decision are: (1) Whether petitioners *574 are entitled to deduct travel expenses including meals and lodging as ordinary and necessary expenses incurred while away from home in the pursuit of a trade or business within the meaning of section 162(a)(2); and (2) whether petitioners are entitled to deduct $ 3,912 of claimed supplies expenses on Schedule F for the year 1989. Petitioners own a farm in Idaho where they raise cattle and crops. During the period of May 1988 through January 1990, petitioner Donald Prouse (Mr. Prouse) was employed in California by McDonnell Douglas Corporation (McDonnell). Mr. Prouse did not receive any living allowance from his employer. While Mr. Prouse was in California, petitioner Olivia Prose (Mrs. Prouse) and petitioners' daughter Wendy Prouse (Wendy) ran the farm. In September 1988, Mrs. Prouse traveled to California to join her husband for a tax audit. Mrs. Prouse testified that at that time she was unemployed and unable to find a job in Idaho. While in California Mrs. Prouse accepted a job with Thrifty Car Rental (Thrifty) until "something came through in Idaho." Mrs. Prouse's full-time employment with Thrifty began in October of 1988 and lasted for approximately 9 months. While petitioners *575 were in California, Wendy lived at the Idaho home and took care of the farm while attending school. Mrs. Prouse testified that she visited the Idaho home "periodically to do things and check on things." When Mrs. Prouse's employment with Thrifty ended she returned to Idaho. A month later Mrs. Prouse returned to California to look for work and commenced employment with her husband's employer, McDonnell. Mrs. Prouse was employed by McDonnell on a full-time basis from September 27, 1989, until July 20, 1990. In addition to her employment with McDonnell, Mrs. Prouse recommenced employment with Thrifty on a part-time basis. Petitioners attached Form 2106 to their 1989 and 1990 income tax returns, claiming expenses in the amounts of $ 9,985 and $ 8,213 for Mrs. Prouse's travel expenses including meals and lodging (sometimes referred to herein as living expenses) while "away from home". Respondent disallowed these deductions in their entirety. With respect to Mr. Prouse, petitioners claimed $ 24,036 as unreimbursed employee expenses on Form 2106 filed with their 1989 income tax return. Respondent disallowed $ 1,022 of the amount claimed. We must first decide whether petitioners *576 can deduct as traveling expenses under section 162(a)(2), the expenses incurred in connection with Mrs. Prouse's meals and lodging expenses while in California. Petitioners contend that they may do so because Mrs. Prouse was "away from her tax home" of Idaho while temporarily working in California in 1989 and 1990 and that Mrs. Prouse never intended to stay in California. Petitioners further contend that Mrs. Prouse's employment in California was temporary as opposed to indefinite, primarily because each employment lasted for less than one year. Respondent contends that Mrs. Prouse's travel expenses including meals and lodging, while employed by Thrifty and McDonnell, are not deductible because the assignments were for an indefinite length of time rather than being temporary in nature. Deductions are strictly a matter of legislative grace, and petitioners bear the burden of proving their entitlement to any deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). In general, deductions for personal living expenses are disallowed. Sec. *577 262(a). However, a taxpayer may deduct personal expenses to the extent they are: (1) Reasonable and necessary traveling expenses (e.g., transportation costs and food and lodging); (2) incurred "while away from home"; and (3) incurred in pursuit of a trade or business. Sec. 162(a)(2); Commissioner v. Flowers, 326 U.S. 465, 470 (1946). A taxpayer may not deduct the expenses of traveling to and living at his place of employment unless the traveling was motivated by the exigencies of his employment, rather than by his "personal conveniences and necessities". Commissioner v. Flowers, supra at 474. The reasoning behind this deduction is to alleviate the burden falling upon a taxpayer whose business requires that he incur duplicate living expenses by maintaining two places of abode. Tucker v. Commissioner, 55 T.C. 783, 786 (1971); Kroll v. Commissioner, 49 T.C. 557, 562 (1968); see also Harvey v. Commissioner, 283 F.2d 491 495 (9th Cir. 1960), revg. and remanding 32 T.C. 1368 (1959). Whether the taxpayer *578 satisfies the three conditions necessary for this deduction is purely a question of fact. Commissioner v. Flowers, supra at 470. A prerequisite in determining whether petitioner is entitled to a deduction for her living expenses while in California under section 162(a)(2) is that business requirements motivated the incurrence of these expenditures. At hand, Mrs. Prouse had no business "ties" or "connection" with Idaho at all. See Foote v. Commissioner, 67 T.C. 1 (1976); Tucker v. Commissioner, supra. Instead it was Mrs. Prouse's personal choice which took her to California to be close to her husband. As we understand petitioners' argument, Mrs. Prouse was "away from home" for purposes of section 162(a)(2) because: (1) She was unable to find a job in Idaho and did not intend to be employed in California for a long period of time (she testified that she accepted employment with Thrifty until "something came through in Idaho"); (2) she returned to Idaho periodically; and (3) independently, her employments did not last longer than one year. We cannot agree with petitioners' argument *579 because the record does not support their assertions. Moreover, the facts before us do not warrant a discussion of whether Mrs. Prouse's employment was temporary or indefinite because Mrs. Prouse failed to establish that she had business ties of her own in Idaho. Tucker v. Commissioner, supra at 787-788. We find that petitioners are not allowed to deduct Mrs. Prouse's travel expenses including meals and lodging pursuant to section 262. With respect to Mr. Prouse's claimed deductions for 1989, petitioners bear the burden of proving their entitlement to any deductions claimed. Rule 142(a). Petitioners presented no evidence regarding their entitlement to the claimed amount which was disallowed by respondent. Therefore, we find petitioners are not entitled to the deductions. Next we must decide whether petitioners are entitled to the $ 3,912 of claimed supplies deductions on Schedule F. Mr. Prouse testified that of the amount disallowed by respondent $ 144 represented an expense incurred for a cover for his tractor. Petitioner presented the receipt for this deduction. Petitioners presented no other evidence regarding the remaining disallowed *580 amount. Taxpayers are required to substantiate claimed deductions by maintaining the records needed to establish their entitlement to such deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Where a taxpayer fails to produce any records to substantiate his deductions, disallowance of the claimed deductions is proper. Williams v. Commissioner, T.C. Memo. 1986-195. We find that petitioners have substantiated the claimed deduction with respect to the cover for the tractor. Petitioners have not presented documentary evidence to substantiate the additional amounts claimed. We find that petitioners are entitled to deduct only $ 144 of the disallowed amount on Schedule F. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩