WILLIAM C. WHITE and KATHLEEN J. WHITE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket No. 5536-78.
United States Tax Court
T.C. Memo 1979-468; 1979 Tax Ct. Memo LEXIS 60; 39 T.C.M. (CCH) 529; T.C.M. (RIA) 79468; November 26, 1979, Filed William C. White, pro se. Alan Summers and James Kamman, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in income tax due from the petitioners for the taxable year 1973 in the amount of $3,272.00. As a result of concessions by the parties, the only question remaining for decision is whether petitioner Kathleen J. White is entitled to deduct under section 162(a)(2) unreimbursed transportation costs of $450.67 and unreimbursed lodging of $68.00 incurred during said year. [1]
*61 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners, husband and wife, filed a joint federal income tax return for the taxable year 1973. At the time of filing the petition herein, they resided at Los Altos, California. Prior to moving to Los Altos in September 1971, petitioners resided in New York City. Petitioner Kathleen J. White (hereinafter referred to as petitioner) was employed by Pan American World Airways (Pan Am) as a purser or head flight attendant flying out of the New York area. In accordance with the practice in the airline industry, she was "based" in New York. In September 1971, petitioner and her husband moved to Los Altos, California, in order that he might accept employment at Standord University. Simultaneously, petitioner requested that Pan Am assign her to San Francisco as her base. However, at that time there were no openings in San Francisco so that petitioner was compelled to accept the next closest opening at Los Angeles. From that time until May 1977, when petitioner took maternity leave, her assigned base *62 from which all of her flights originated was Los Angeles. When petitioner returned from her maternity leave, she was assigned, in accordance with her prior request, to San Francisco. During the taxable year 1973, when not on duty with Pan Am, petitioner resided at Los Altos, California. She had no place of residence in Los Angeles. Occasionally she was compelled to stay overnight in Los Angeles but usually was able to obtain a flight from San Francisco to Los Angeles in order to report for duty in accordance with her assigned Pan Am flight leaving Los Angeles. In meeting her scheduled flights or returning to her residence at Los Altos, petitioner incurred unreimbursed expenses for airplane fares of $450.67 and for lodging in Los Angeles of $68.00, which amounts she claimed as deductions in her return. Los Altos is approximately 7 miles from Stanford University and 28 miles from San Francisco International Airport, which is approximately 379 miles from Los Angeles. OPINION Prior to September 1971 petitioner and her husband resided in New York City. Petitioner was employed as a flight attendant by Pan American World Airways. She was "based" in New York, which meant that *63 her flights originated there. Her husband was also employed in New York. In September 1971, her husband accepted employment with Stanford University, thereby necessitating that he take up residence in the San Francisco area. Petitioner applied for a transfer of her base from New York to San Francisco. However, there were no openings available at that time. The closest base which petitioner was able to obtain was Los Angeles. She moved to Los Altos with her husband, and flew out of Los Angeles for Pan Am until she took maternity leave in May 1977. During that period of time, petitioner "commuted" from San Francisco to Los Angeles in order to meet her flight schedules. It is clear that petitioner's move from New York City to Los Altos, California, came about for personal reasons. Prior to that time, petitioner's "tax home", as well as that of her husband, was in New York. Her husband's work took him to the San Francisco Bay area. Petitioner was unsuccessful in obtaining the transfer of her "base" where her flights would originate from New York to San Francisco.She was compelled to accept the transfer to Los Angeles. [2]
*64 Petitioner contends that her assignment to Los Angeles, California, was "temporary" in that, while it could not be foreseen that she might obtain her preferred assignment to San Francisco, it was her intention to transfer her base to San Francisco as soon as an opening was available there. Petitioner contends she is entitled to deduct the expenses of traveling from her home to and from a temporary job in Los Angeles. However, the assignment of petitioner to Los Angeles was "temporary" only in a subjective sense. That is not enough. Kennedy v. Comissioner,T.C. Memo 1970-58, affd. 451 F.2d 1023 (3rd Cir. 1971).
In the Keenedy case, the taxpayer was a pilot with United Airlines. He had resided in Philadelphia. On obtaining employment with United Airlines, he was assigned to Chicago, Illinois. The taxpayer did not choose Chicago and would have preferred another assignment. By the terms of his contract, he was obligated to stay in Chicago for six months, after which time he could request a transfer. Due to expansion of United Airlines, it was anticipated that he would be so transferred upon his request. He was subsequently transferred to *65 San Francisco. Later he was transferred to New York and at the time of trial the taxpayer was flying out of New York while living in Philadelphia. While flying out of Chicago, the taxpayer sought to claim Philadelphia as his "tax home." After reviewing the applicable law and decisions, this Court said: The petitioner contends that because he was assigned, contrary to his request, to Chicago, and because he intended to transfer from there after six months, his work in Chicago was only temporary. It is entirely irrelevant that petitioner did not care for his Chicago assignment. No doubt many taxpayers with permanent employment would prefer a new job, a different city or a more pleasant climate. What is significant here is that the petitioner had only one principal place of employment and that was Chicago until he was transferred to San Francisco. The impermanence of an assignment alone does not make it "temporary." Cf. Floyd Garlock [Dec. 24,256], 34 T.C. 611, 616 (1960). Petitioner had no trade or business in Philadelphia in 1966. The same might be said of the petitioner in this case. Admittedly, Los Angeles was not her first choice as a place of employment. *66 She fully intended to obtain a transfer to San Francisco as soon as possible. This would not make her Los Angeles employment "temporary." During the year before the Court, and for several years thereafter, petitioner continued to fly out of Los Angeles. She had no employment in the San Francisco area. Los Angeles was her principal place of employment.For that reason, the costs of traveling from her residence in Los Altos, California, and of overnight stays there are not deductible as expenses incurred away from home. While petitioner relies on Harvey v. Commissioner,283 F.2d 491 (9th Cir. 1960), we do not regard that case as controlling. The facts were different. Here, petitioner did not reasonably expect to be transferred to San Francisco within a relatively short period of time. In fact, it took some seven years for an opening to materialize there. Decision will be entered under Rule 155. Footnotes
1. Section 162(a)(2) of the Internal Revenue Code provides: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *↩
2. Where both spouses are employed at different cities, the "tax home" of the spouses will not be the same, notwithstanding the family domicile for purposes of state law. Foote v. Commissioner,67 T.C. 1 (1976); Leyland v. Commissioner,T.C. Memo 1975-346↩.