E.C. and LOUISE P. WESTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weston v. Commissioner
Docket No. 13088-78.
United States Tax Court
T.C. Memo 1981-166; 1981 Tax Ct. Memo LEXIS 579; 41 T.C.M. (CCH) 1232; T.C.M. (RIA) 81166; April 7, 1981. *579 In Sept. 1975, P was employed as an iron worker in St. Johns, Ariz., on the construction of an electrical generating plant. When he was hired, P was reasonably sure that his employment would last at least 2 years. His employment in fact continued until May 1978, when he was dismissed for cause. Prior to his employment in St. Johns, P had for years maintained his personal residence in Phoenix, Ariz. During the period when he was employed in St. Johns, P continued to reside in Phoenix on weekends, and he resided in St. Johns during the week. Held, while P was employed in St. Johns, he was not "away from home" within the meaning of sec. 162(a), I.R.C. 1954, since his employment was not temporary; therefore, P was not entitled to deduct the expenses for meals and lodging incurred by him in St. Johns. E. C. Weston, pro se. Walter T. Thompson, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 2,626.15 in the petitioners' Federal income tax for 1976. The only issue for decision is whether the expenses for meals and lodging incurred by Mr. Weston in residing near a construction site where he was employed were incurred while he was "away from home" within the meaning of section 162(a) of the Internal Revenue Code of 1954. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, E.C. and Louise P. Weston, husband and wife, resided in Phoenix, Ariz., when they filed their petition in this case. They filed their joint Federal income tax return for 1976 with the Internal Revenue Service Center, Ogden, Utah. Mr. Weston is an iron worker and a member of the Iron Workers Union. In September 1975, he was hired by the Bechtel Power Corporation, through the union hiring hall, to work on a construction project in St. Johns, Ariz. When he was hired, he had *581 no right to continue to work for any specified period of time. However, the project for which he was hired was the construction of an electrical generating plant, and he knew that the iron work on such project would take more than 2 years and that he probably could continue to work there for such period. Mr. Weston in fact was employed by Bechtel until May 1978, when he was dismissed allegedly for refusal to obey orders. St. Johns, Ariz., is approximately 233 miles from Phoenix, Ariz. From approximately 1966 through the time of trial, the petitioners maintained a residence in Phoenix. There, Mrs. Weston was a school teacher. When Mr. Weston was employed in St. Johns, Mrs. Weston remained in Phoenix and continued to teach. During 1976, the year in issue, Mr. Weston lived in St. Johns during the work week and in Phoenix on weekends. On their Federal income tax return for 1976, the petitioners deducted $ 6,064 as the expenses incurred by Mr. Weston for meals and lodging in St. Johns. In his notice of deficiency, the Commissioner disallowed such deduction. OPINION The Commissioner does not dispute that Mr. Weston incurred expenses of $ 6,064 for meals and lodging in St. *582 Johns. The only issue to be decided is whether such expenses were incurred by Mr. Weston while he was "away from home" within the meaning of section 162(a). That section provides, in part: (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * Under section 162(a), travel expenses are deductible only if incurred while a taxpayer is "away from home" in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). A taxpayer's home for purposes of section 162(a) is the vicinity of his principal place of employment. Commissioner v. Stidger, 386 U.S. 287 (1967); Kroll v. Commissioner, 49 T.C. 557 (1968); Garlock v. Commissioner, 34 T.C. 611 (1960). When a taxpayer who has a principal place of employment goes elsewhere to take work which is "temporary, *583 " and not "indefinite," his home for purposes of section 162(a) remains the vicinity of his principal place of employment, since it would be unreasonable to expect him to move his residence under such circumstances. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958); Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Tucker v. Commissioner, 55 T.C. 783, 786 (1971). This Court has held that employment is temporary if its termination within a "short period" can be foreseen. Mitchell v. Commissioner, supra at 581; Michaels v. Commissioner, 53 T.C. 269, 273 (1969); Albert v. Commissioner, 13 T.C. 129, 131 (1949). Similarly, we have stated that employment is indefinite if its termination within a "fixed or reasonably short period of time" cannot be foreseen. Stricker v. Commissioner, 54 T.C. 355, 361 (1970), affd. 438 F. 2d 1216 (6th Cir. 1971); Mitchell v. Commissioner, supra at 581. The present case is appealable to the Ninth Circuit, and that court has expressed a slightly different view as to the meaning of indefinite employment. *584 In Harvey v. Commissioner, 283 F. 2d 491, 495 (1960), revg. 32 T.C. 1368 (1959), the Ninth Circuit held that a taxpayer's employment is indefinite "if there is a reasonable probability known to him that he may be employed for a long period of time at his new station. What constitutes 'a long period of time' varies with circumstances surrounding each case." (Emphasis in original.) Under the view of this Court or that of the Ninth Circuit, Mr. Weston's employment in St. Johns was not temporary, but was indefinite. Although Mr. Weston had no employment contract and no right to continue to work on the project until it was completed, he knew that work would be available for him for at least 2 years. In addition, it is stipulated that Mr. Weston was hired through the Iron Workers Union; therefore, it is unlikely that his job could have been terminated arbitrarily. In our judgment, it is clear on such evidence that when Mr. Weston began working in St. Johns, there was a reasonable probability known to him that his job would last for a "long time" and there was little chance that his job would terminate within a "short period." What is more, even if, *585 in 1975, Mr. Weston believed his employment to be temporary, it must have become clear to him in 1976 that such employment was indefinite. The petitioners rely on Frederick v. United States, 457 F. Supp. 1274 (D.N.D. 1978), affd 603 F. 2d 1292 (8th Cir. 1979), in support of their position that Mr. Weston's employment was temporary, but that case is distinguishable. There, the taxpayers were hired in the spring of 1970 for a construction project in North Dakota. Although the employment of each of the taxpayers lasted at least 2 years, the court held that the employment of each of the taxpayers was temporary. However, the record before the court showed that "The construction industry in North Dakota is seasonal, and during the winter months * * * [the employer] retained only the number of employees it needed to handle maintenance and indoor construction work." 457 F. Supp. at 1281. On the basis of such record, the court stated that when the taxpayers were hired in the spring of 1970, "it could not have reasonably been foreseen that their employment would last beyond the summer season." 457 F. Supp. at 1281. On the contrary, *586 in this case, Mr. Weston expected his employment not to terminate within a short period and to last for at least 2 years. We recognize that if the petitioners had moved their residence to St. Johns, Mrs. Weston would have had to give up her job in Phoenix. However, we have previously held that if a taxpayer is employed away from his personal residence, such employment is not considered temporary merely because the taxpayer's spouse is employed in the vicinity of the personal residence and does not desire to leave such employment. Daly v. Commissioner, 72 T.C. 190, 196 (1979); Foote v. Commissioner, 67 T.C. 1 (1976). Here, Mr. Weston's employment in St. Johns was clearly not temporary, and the petitioners' decision not to move to St. Johns was personal. Decision will be entered for the respondent.