CHARLES BURRELL, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burrell v. Commissioner
Docket No. 22515-92
United States Tax Court
T.C. Memo 1994-574; 1994 Tax Ct. Memo LEXIS 582; 68 T.C.M. (CCH) 1237; November 22, 1994, Filed *582 Decision will be entered under Rule 155. Charles Burrell, Jr., pro se. For respondent: Charles J. Graves. JACOBS
JACOBS
MEMORANDUM OPINION JACOBS, Judge: Respondent determined a deficiency in petitioner's 1989 Federal income tax in the amount of $ 25,676 and additions to tax under section 6651 in the amount of $ 1,268 and under section 6662 in the amount of $ 5,135. In the stipulation of facts filed at trial, respondent admits that petitioner timely filed his Federal income tax return for 1989, and thus concedes the section 6651 delinquency addition. After this and other concessions, the issues remaining for decision are: (1) Whether petitioner is entitled to business expenses in excess of the amount allowed by respondent. We hold that he is not. (2) Whether petitioner is entitled to a charitable contribution deduction. We hold that he is not. (3) Whether petitioner is liable for an addition to tax pursuant to section 6662. We hold that he is. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Some of the facts have been stipulated and are found accordingly. *583 The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Kansas City, Missouri, at the time he filed his petition. For ease of analysis, our findings of fact and opinion for each issue are combined, and each issue is discussed under a separate heading. Issue 1. Business Expenses
Petitioner is the sole proprietor of a tax consulting and accounting business operating under the name Fintech, an acronym for financial technician. On Schedule C attached to his 1989 tax return, petitioner reported gross income of $ 72,537, and claimed the following business expenses: Interest
$    100
Office expenses
100
Lease of business property
300
Repairs
100
Supplies
100
Gasoline cost
100
Transportation cost
100
Bank cost
50
Labor cost
1,500
Cost of producing income
70,080
Total expenses
72,530
Respondent disallowed all the claimed expenses on the basis that petitioner "failed to furnish information needed to support the claimed deduction". In the stipulation of facts, petitioner concedes that the interest and bank expenses are not deductible for lack of substantiation, and respondent concedes that the following *584 expenses are deductible: Expense
Amount
Storage
$ 260.00
Office
205.15
Transportation
105.60
Parking
1.50
Although petitioner bears the burden of proving that respondent erred in disallowing the claimed Schedule C expenses, and has been so informed by the Court, petitioner called no witnesses and introduced no documentary evidence other than that attached to the stipulation of facts. At trial, petitioner stated that he intended to "make a case" by legal arguments in a brief. We directed the parties to file simultaneous posttrial briefs by June 24, 1994. Respondent timely filed a brief. On June 29, 1994, petitioner filed a motion to extend the time for him to file a brief because of the illness of his daughter. On July 7, 1994, we granted petitioner's motion and extended the time for him to file a brief until September 1, 1994. As of the date of this opinion, petitioner has failed to file a brief. At trial, respondent called petitioner as respondent's witness. For the most part, petitioner's answers to respondent's questions tended to be evasive and guarded. a. Cost of Producing Income
Petitioner testified that the $ 70,080 "cost of producing income" was *585 a "business loss due to a bartering system". He testified that he collected a portion of his fees in the form of personal and financial records from his clients. He stated that he was collecting personal and financial information about his clients for purposes of writing a book. Petitioner also testified that he received $ 72,000 in cash from his clients but returned $ 70,000 to them. He presented receipts that supposedly indicate the amounts he had paid to his clients. [1] But because petitioner concealed the identities of his clients, the receipts could not be verified. On numerous occasions, respondent requested petitioner to substantiate his claimed deduction for cost of producing income expense, but petitioner failed to do so. On February 17, 1994, respondent filed a motion to compel petitioner to produce documents in order to establish the cost of producing income expense. By order dated February 18, 1994, we granted respondent's motion. *586 Petitioner thereafter produced some of the documents referred to in our order. The documents produced were either self-made or modified for the supposed purpose of obscuring the identities of petitioner's clients. On April 11, 1994, respondent filed a motion for sanctions for failure to comply with our order. On April 12, 1994, we granted respondent's motion and stated that all documents covered by respondent's request that petitioner failed to make available would be excluded from evidence, and "the issues of cost of producing income, to which * * * respondent's discovery request pertains, shall be taken as established as set forth in the notice of deficiency." Taxpayers do not have an inherent right to take tax deductions. Deductions are a matter of legislative grace, requiring the taxpayers to establish their right to take them. Deputy v. duPont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Furthermore, taxpayers are required to keep books and records so that they can file true and correct returns. Sec. 1.446-1(a)(4), Income Tax Regs. In the instant case, petitioner *587 failed to provide substantiation to support his claim that he actually entered into barter transactions with his clients. The only documents petitioner submitted were (1) created by him, (2) had identical dates, and (3) do not contain the clients' names. Respondent contends that petitioner's claimed cost of producing income expense is simply an attempt by petitioner to zero-out his taxable income. We tend to agree with respondent. But even if the cost of producing income was a legitimate expense, and even if petitioner provided the required substantiation, a payment by him for information to be used to produce a book (as petitioner claims he was doing) generally would not be currently deductible but rather would be capitalized and deducted pursuant to the uniform capitalization rules of section 263A, unless he showed that he made the payment in the trade or business of being a writer. As of the date of trial, petitioner had not written a book. He failed to present credible evidence that he is researching or writing a book. In fact, petitioner lists his occupation on Schedule C of his 1989 return as "tax consultant and accountant", not "writer". Thus, we conclude that petitioner *588 was not in the trade or business of writing books, and accordingly, none of his expenses constitute qualified creative expenses pursuant to section 263A(h)(2)(A). We sustain respondent's disallowance of the claimed cost of producing income expense. b. Labor Cost
Petitioner stored his business files in boxes in rented space away from his office. When he required a specific file, he would search through the boxes until he found that file. Petitioner allegedly hired Henry Ortiz (Ortiz) to help him move boxes both within the storage space and between the storage space and petitioner's office. Petitioner sometimes paid Ortiz by check and sometimes in cash. He claimed a $ 1,500 deduction for Ortiz's labor expenses. The only records petitioner presented to substantiate these expenses were self-made receipts and carbon copies of uncanceled checks. Other than these documents, all of which petitioner created, petitioner has provided no support for his position. Petitioner presented neither canceled checks nor any other accounting records that would verify the extent of his alleged labor expenses. Accordingly, we sustain respondent's disallowance of the claimed $ 1,500 deduction *589 for labor expenses. c. Automobile Expenses
Petitioner claimed a deduction for automobile expenses. He drove an automobile owned by Gwendolyn Hooks (Hooks), who later became his wife. Petitioner did not claim depreciation. When petitioner was not using the automobile, Hooks used it to drive back and forth from her job as a schoolteacher. If petitioner needed the car, he would either drive Hooks to work, or Hooks would find an alternate mode of transportation. Petitioner kept a log of his alleged business use of the automobile. He presented the log as evidence, but crossed out the information that he claimed concerned the identity of his clients. Petitioner also presented receipts from service stations. When petitioner filled the automobile's gas tank or had the automobile repaired, he did not distinguish between his and Hooks' use of the automobile. If the automobile broke down while he was driving it, he shouldered the cost of the repair. Generally, taxpayers may not deduct the cost of commuting between their home and place of work. Steinhort v. Commissioner, 335 F.2d 496, 502-503 (5th Cir. 1964), affg. and remanding T.C. Memo. 1962-233; *590 Foote v. Commissioner, 67 T.C. 1, 6 (1976). However, section 162 allows a deduction for ordinary and necessary business expenses, including noncommuting business transportation expenses. Petitioner argues that the automobile expenses which he claimed as a deduction are such an expense. Although it is clear that petitioner used Hooks' automobile for business purposes, he has not produced any documentation showing the extent of that use. Because petitioner has not presented any evidence separating business use from personal use, we have no basis for allowing a deduction. Accordingly, we sustain respondent's disallowance of the deduction for automobile expenses to the extent it exceeds the amount conceded by respondent. d. Clothing Expense
In response to respondent's motion to compel production of documents, petitioner produced receipts for clothing he purchased and, thereafter, claimed entitlement to a Schedule C deduction for the cost of purchasing a suit jacket, a sport shirt, and dress slacks. [2] Petitioner testified that he wore the clothing only when he conducted business. However, he admitted that the clothing could be worn anywhere. *591 Section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". "Ordinary and necessary" can include clothing when that clothing is "required or essential" for employment. Yeomans v. Commissioner, 30 T.C. 757, 767 (1958). However, clothing which is suitable for general or personal wear is not deductible. Id. Petitioner's admission, and the general nature of the clothing purchased, persuade us that the clothing is suitable for general wear. Accordingly, we hold that petitioner is not entitled to a deduction for the clothing. Issue 2. Charitable Contribution
When petitioner responded to respondent's motion to compel production of documents, he presented respondent with receipts totaling $ 570 for donations made to his church. Petitioner claimed to have made the donations in cash *592 over a 12-month period. He substantiated these donations by providing receipts he prepared himself. The name of the charitable institution allegedly receiving the donations does not appear on the receipts. Petitioner claimed that he withdrew cash from Fintech to make the donations, and prepared the receipts to keep track of the cash he had withdrawn for this purpose. The receipts reflect different dates and include various dollar amounts; however, each is made out to "Cash" from Fintech with a memo that reads "Church donation -- Fintech Contribution". Section 170 allows a taxpayer to deduct a charitable contribution "only if verified under regulations prescribed by the Secretary." Sec. 170(a)(1). The regulations, which require substantiation of the taxpayer's contribution, provide: If a taxpayer makes a charitable contribution of money in a taxable year beginning after December 31, 1982, the taxpayer shall maintain for each contribution one of the following: (i) A cancelled check. (ii) A receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution. A letter or other communication *593 from the donee charitable organization acknowledging receipt of a contribution and showing the date and amount of the contribution constitutes a receipt for purposes of this paragraph (a). (iii) In the absence of a cancelled check or receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution.
Sec. 1.170A-13(a)(1), Income Tax Regs.
Petitioner's receipts fail to meet the substantiation requirements of section 1.170A-13(a)(1), Income Tax Regs. They are neither canceled checks nor receipts from a qualified charitable organization. Finally, the receipts do not qualify as "other reliable written records". Not only is the name of the charitable organization absent, but the receipts do not indicate the date of the contribution. Although the dates on the receipts give some indication of when the cash was withdrawn from Fintech, there is no indication of when the cash was purportedly given to the church. Accordingly, petitioner is not entitled to a charitable contribution deduction. Issue 3. Section 6662 Addition to Tax
Section 6662(a) imposes an addition *594 to tax of 20 percent of the underpayment of tax if section 6662 applies. Section 6662 applies if any portion of the underpayment is due to a substantial understatement of income tax. Sec. 6662(b)(2). "Understatement" means the excess of (i) the amount of the tax required to be shown on the return for the taxable year, over (ii) the amount of the tax imposed which is shown on the return. Sec. 6662(d)(2)(A). Except for items attributable to tax shelters, an understatement is reduced to the extent that it is: (1) Based on substantial authority; or (2) adequately disclosed in the return or in a statement attached to the return. Sec. 6662(d)(2)(B). A substantial understatement of income tax occurs where the amount of the understatement for the taxable year exceeds the greater of (i) 10 percent of the tax required to be shown on the return for the taxable year, or (ii) $ 5,000. Sec. 6662(d)(1). In the instant case, petitioner's understatement fits within the definition of section 6662(d)(1) because his understatement is greater than 10 percent of his tax liability, and because his understatement is greater than $ 5,000. Petitioner does not fall within either exception of section *595 6662(d)(2)(B). Accordingly, petitioner is liable for the addition to tax pursuant to section 6662. To reflect the foregoing and concessions by the parties, Decision will be entered under Rule 155. Footnotes
1. It is these amounts that constitute the "cost of producing income".↩
2. Petitioner did not claim a deduction for the clothing on Schedule C as originally filed.↩