T.C. Summary Opinion 2001-75


UNITED STATES TAX COURT


CHRISTIAN R. CALIMER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8372-99S.                    Filed June 4, 2001.


Christian R. Calimer, pro se.

Nancy L. Spitz, for respondent.


CARLUZZO, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies of $4,580 and $5,259, respectively, in petitioner's 1995 and 1996 Federal income taxes, and an addition to tax of $100 under section 6651(a)(1) for 1996. The issues for decision are: (1) Whether for each year in issue petitioner is entitled to deductions for meals and lodging expenses; and (2) whether for 1996 petitioner is liable for an addition to tax under section 6651(a)(1).

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in San Diego, California.

Petitioner is a special agent for the Naval Criminal Investigative Service (NCIS). According to recruiting materials published by NCIS,

> During their careers, NCIS special agents can look forward to a wide range of assignments, including some overseas, in locations such as Great Britain, Italy, and Japan. Tours of duty inside the continental United States average from four to six years, depending upon the needs of NCIS. Overseas tours vary from two to three years generally, with opportunities to extend, again depending on the needs of the service. Afloat tours, and tours in a limited number of isolated locations overseas, are generally limited to one year. With the exception of afloat and isolated tours, special agents are accompanied by their families.

Petitioner's career as an NCIS special agent fits the above description. He was hired in 1982 with a post of duty in Pearl Harbor, Hawaii. His first 1-year afloat tour aboard an aircraft carrier began in 1984. He was assigned to the Philippines from

1985 until 1987 and then assigned to a 6-month afloat tour on board an aircraft carrier. In 1988, he was assigned to Virginia Beach, Virginia, where he purchased a home and remained until 1993. In April 1993, he was relocated to Guam, where he remained throughout the years in issue. His initial assignment to Guam was for 2 years, but it was extended for a year. In 1996, he was transferred to San Diego, California, where he remained until his transfer to Miami, Florida in 1999.

In connection with being relocated to Guam, petitioner was authorized real estate relocation expenses by NCIS if he elected to sell his house in Virginia Beach, which he did not do. As a civilian Federal employee, he was not entitled to, and did not receive, a living quarters allowance while in Guam. His rate of pay, however, was increased by 25 percent because of a "non-foreign cost of living allowance/post differential".

Petitioner's 1995 Federal income tax return was timely filed; his 1996 Federal income tax return was due on April 15, 1997, and filed on December 10, 1997. The expenses that petitioner incurred for meals and lodging while living in Guam during the years in issue are deducted as unreimbursed employee business expenses on his Federal income tax returns for those years.

In the notice of deficiency, respondent disallowed the deductions for meals and lodging expenses claimed for each year in issue. According to the explanation in the notice, petitioner's "travel/living expenses while in Guam are not deductible" because petitioner's assignment to Guam was "for a period of at least 24 months". For 1996, respondent also imposed a $100 addition to tax under section 6651(a) because petitioner's 1996 return was filed more than 60 days late.

Discussion

I. Traveling Expense Deductions

Ordinarily, a taxpayer may not deduct personal expenses, such as the costs of meals and lodging. See sec. 262. However, traveling expenses, including meals and lodging, incurred by a taxpayer during the taxable year while traveling away from home in the pursuit of a trade or business are deductible. See sec. 162(a)(2). To qualify for deduction under section 162(a)(2), the traveling expense must be: (1) Reasonable and necessary; (2) incurred while the taxpayer was traveling "away from home"; and (3) directly related to the conduct of the taxpayer's trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The reference to "home" in section 162(a)(2) means the taxpayer's tax home. See Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Foote v. Commissioner, 67 T.C. 1, 4 (1976); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).

For each year in issue, petitioner claimed deductions for meals and lodging expenses incurred in Guam. Respondent concedes that the amounts deducted each year were paid or incurred for the designated purposes. The parties disagree as to whether the meals and lodging expenses were incurred while petitioner was traveling away from his tax home for business purposes.

Generally, a taxpayer's tax home is determined by the location of the taxpayer's regular or principal (if more than one regular) place of business regardless of where the taxpayer's residence is located. See Mitchell v. Commissioner, supra at 581; Kroll v. Commissioner, supra at 561-562; sec. 1.911-2(b), Income Tax Regs. Usually, if the location of the taxpayer's regular place of business changes, so does the taxpayer's tax home--from the old location to the new location--unless the period of employment at the new location is, or is reasonably expected to be, temporary. See Kroll v. Commissioner, supra, at 562-563; Mitchell v. Commissioner, T.C. Memo. 1999-283. By law, a "taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." Sec. 162(a).[1]

According to petitioner Guam was not his tax home during the

---

[1] For tax years ending after Aug. 5, 1997, the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1204(a), 111 Stat. 788, 995, amended sec. 162(a) to relax this rule in the case of certain Federal employees assigned to temporary duty stations to investigate Federal crimes.

years in issue because his assignment there was temporary. See <u>Horton v. Commissioner</u>, 86 T.C. 589, 593-595 (1986); <u>Mitchell v. Commissioner</u>, T.C. Memo. 1999-283. Respondent, relying upon the above-quoted language of section 162(a), contends that petitioner's assignment to Guam cannot be considered temporary. Respondent points out that petitioner's assignment to Guam was for an initial period of 2 years and that petitioner actually spent 3 years there. According to respondent, petitioner's tax home was Guam during the period that he was assigned and lived there. Respondent argues that the meals and lodging expenses incurred by petitioner during his Guam assignment are nondeductible personal expenses because the expenses were not incurred while petitioner was traveling away from his tax home. See sec. 262(a). For the following reasons, we agree with respondent.

As an NCIS special agent, petitioner was required to relocate, and did so, regularly during his career. Given his employment history, we can understand why petitioner might consider all of his assignments to be temporary, as that word is commonly used and understood. Nevertheless, because petitioner's assignment to Guam was for a period that exceeded 1 year, it cannot be treated as a temporary assignment for Federal income tax purposes. Consequently, when he was transferred from Virginia Beach to Guam, Guam became his regular place of business

and therefore his tax home. It follows that he is not entitled to deductions for meals and lodging expenses while working in Guam, and respondent's determinations in this regard are sustained.

II. Section 6651(a)(1) Addition to Tax

Petitioner's 1996 Federal income tax return was due on or before April 15, 1997, see sec. 6072(a), but it was not filed until December 10, 1997.

Section 6651(a)(1) provides for an addition to tax of 5 percent of the amount of the tax required to have been shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, to a maximum of 25 percent of the tax in the aggregate. If an income tax return is not filed within 60 days of the prescribed date for filing (including extensions), the addition to tax imposed is not less than the lesser of $100 or 100 percent of the amount required to be shown as a tax on the return. See sec. 6651(a). The addition to tax is applicable unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect. See id.

Petitioner's 1996 return was filed more than 60 days after April 15, 1997. The amount required to have been shown as a tax on that return exceeds $100. In the notice of deficiency, respondent determined that petitioner was liable for a $100

addition to tax under section 6651(a).  Petitioner did not explain why his 1996 return was filed late.  Because petitioner has not demonstrated that his failure to file a timely 1996 Federal income tax return was due to reasonable cause and not due to willful neglect, he is liable for the addition to tax under section 6651(a)(1) as determined by respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

Based on the foregoing,

Decision will be

entered for respondent.