T.C. Summary Opinion 2008-42

UNITED STATES TAX COURT

JOSEPH CORNELIUS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 4151-06S, 4157-06S.    Filed April 23, 2008.

Joseph Cornelius, pro se.

<u>Jeffrey D. Heiderscheit</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  Each of these consolidated
cases was heard pursuant to the provisions of section 7463.[1]

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, in effect for the
relevant period.  Rule references are to the Tax Court Rules of
Practice and Procedure.

Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be cited as precedent for any other case.

In a notice of deficiency dated November 28, 2005, respondent determined a $16,445 deficiency in petitioner's 2002 Federal income tax and additions to tax of $100 and $40 under section 6651(a)(1) and (2), respectively. In a separate notice of deficiency also dated November 28, 2005, respondent determined a $19,420 deficiency in petitioner's 2003 Federal income tax and additions to tax of $1,033.20 and $413.28 under section 6651(a)(1) and (2), respectively.

All of the adjustments made in the notices of deficiency have been agreed upon by the parties. The issues for decision for each year are: (1) Whether petitioner is entitled to all or a portion of a deduction for employee business expenses claimed on his Federal income tax return received by respondent after the notice of deficiency was issued; and (2) whether petitioner is liable for the section 6651(a) additions to tax.

## Background

Some of the facts have been stipulated and are so found. At the time each petition was filed, petitioner resided in Austin, Texas.

Petitioner continuously lived and worked in Austin, Texas, from 1984 until March 2002.  From 1998 until December 2001, he was employed there as a computer system administrator specializing in the application and operation of certain business management software.  Towards the close of 2001, petitioner's employer closed its Austin office and petitioner found himself unemployed.

In February 2002 petitioner was offered employment on an "as needed basis" with Princeton Information Systems (PI).  He was assigned to work in Boulder, Colorado, for a client of PI (the Colorado assignment).  The Colorado assignment started on March 4, 2002, and continued through April 2003.  Petitioner stayed in a hotel for the first 2 weeks of the Colorado assignment; afterwards he lived in a rented condominium apartment.  He maintained his apartment in Austin until June 2002.

When the Colorado assignment terminated in April 2003, another began almost immediately.  This second assignment was for a client of PI in Basking Ridge, New Jersey (the New Jersey assignment).  As before, petitioner was hired on an "as needed basis" by PI in connection with this assignment.  Petitioner lived and worked in New Jersey from April 2003 through July 2005 although in June 2004 his employment status changed.  While living and working in New Jersey, petitioner stayed for the first

6 months at a Summerfield Suites and thereafter in a shared rented apartment.

From time to time while working in Colorado and New Jersey, petitioner returned to Austin to visit family and friends.

Petitioner's 2002 Federal income tax return was not received by respondent before January 27, 2006. His 2003 Federal income tax return was received by respondent on March 10, 2006. Nothing in the record suggests that petitioner requested or received an extension to file either of those returns. Each of those returns includes a Schedule A, Itemized Deductions. As relevant here, on each Schedule A petitioner claimed a deduction for employee business expenses. The majority of each employee business expense deduction consists of amounts attributable to expenses for meals and lodging, some relating to the period that petitioner was working in Colorado and some relating to the period that petitioner was working in New Jersey. A portion of the deduction also is attributable to expenses incurred by petitioner to travel back and forth to Austin from either Colorado or New Jersey.

Each return was prepared by a paid income tax return preparer. Each return was untimely because, according to petitioner, he has a "bad habit of, once * * * [he is] overdue on something, avoiding it."

## Discussion

### 1. Employee Business Expense Deductions

Ordinarily, a taxpayer may not deduct personal expenses, such as the costs of meals and lodging. Sec. 262. However, if properly substantiated, traveling expenses, including meals and lodging, incurred by a taxpayer during the taxable year while traveling away from home in the pursuit of a trade or business are deductible. Secs. 162(a)(2), 274(d). To qualify for deduction under section 162(a)(2), the traveling expense must be: (1) Reasonable and necessary; (2) incurred while the taxpayer was traveling "away from home"; and (3) directly related to the conduct of the taxpayer's trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The reference to "home" in section 162(a)(2) means the taxpayer's tax home. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Foote v. Commissioner, 67 T.C. 1, 4 (1976); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).

For each year in issue, a portion of the employee business expense deduction includes amounts for meals and lodging expenses incurred while petitioner was working in either Colorado or New Jersey. According to petitioner, the meals and lodging expenses were incurred while he was away from home for business purposes.

According to respondent, petitioner was not away from home while working in either Colorado or New Jersey.

Generally, a taxpayer's tax home is determined by the location of the taxpayer's regular or principal (if more than one regular) place of business regardless of where the taxpayer's residence is located. Mitchell v. Commissioner, supra at 581; Kroll v. Commissioner, supra at 561-562; sec. 1.911-2(b), Income Tax Regs. Usually, if the location of the taxpayer's regular place of business changes, so does the taxpayer's tax home--from the old location to the new location--unless the period of employment at the new location is, or is reasonably expected to be, temporary. Kroll v. Commissioner, supra, at 562-563; Mitchell v. Commissioner, T.C. Memo. 1999-283. By law, a "taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." Sec. 162(a).

According to petitioner neither Boulder, Colorado, nor Basking Ridge, New Jersey, should be treated as his tax home during the years in issue because his assignments there were temporary. See Horton v. Commissioner, 86 T.C. 589, 593-595 (1986). Respondent points out that both assignments exceeded 1 year in duration. Relying upon the above-quoted language of section 162(a), respondent argues that neither of petitioner's assignments may be considered temporary.

According to respondent, petitioner's tax home was in Boulder during the period that he was assigned to work and lived there, and his tax home was in Baskin Ridge during the period that he worked and lived there. Respondent argues that the meals and lodging expenses petitioner incurred during those periods of employment are nondeductible personal expenses because the expenses were not incurred while petitioner was traveling away from his tax home. See sec. 262(a). For the following reasons, we agree with respondent.

Given the circumstances surrounding his employment during 2002 and 2003, we can understand why petitioner might consider his PI assignments to be "temporary", as that word is commonly used and understood. Nevertheless, because each of petitioner's assignments was for a period that exceeded 1 year, neither can be treated as a temporary assignment for Federal income tax purposes. Consequently, because petitioner's Colorado assignment lasted for more than 1 year, that location is considered his tax home during the period he worked there. Similarly, because petitioner's New Jersey assignment lasted for more than 1 year, his tax home changed from Boulder to Baskin Ridge, and the latter location was his tax home during the period that he worked there. It follows that petitioner is not entitled to the portion of the employee business expense deduction attributable to amounts for meals and lodging for either year in issue.

Furthermore, because the expenses related to traveling back and forth between Austin and Colorado or Austin and New Jersey were incurred for personal purposes, petitioner is not entitled to a deduction for those expenses. See Commissioner v. Flowers, supra.

Because the remaining itemized deductions claimed for each year do not exceed the standard deduction applicable to petitioner's filing status, see sec. 63, we need not consider petitioner's entitlement to those deductions.

On the other hand, as discussed at trial, we think it appropriate to address an issue not raised by petitioner. It appears that petitioner might be entitled to a section 217 moving expense deduction for his move from Austin to Colorado in 2002 and/or for his move from Colorado to New Jersey in 2003. If so, the Court expects that the parties will take the allowance of such deductions into account in the computations for entry of decision in each case.

2. Section 6651(a) Additions to Tax

Petitioner's 2002 return was due to be filed on or before April 15, 2003, but it was not submitted for filing before January 2006; his 2003 return was due to be filed on or before April 15, 2004, but it was not received by respondent until March 2006. See sec. 6072(a). Consequently, respondent imposed a section 6651(a)(1) addition to tax for each year in issue.

Section 6651(a)(1) provides for an addition to tax of 5 percent of the amount of the tax required to have been shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, to a maximum of 25 percent of the tax in the aggregate. If an income tax return is not filed within 60 days of the prescribed date for filing (including extensions), the addition to tax imposed is not less than the lesser of $100 or 100 percent of the amount required to be shown as a tax on the return. The addition to tax is applicable unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect. The amount of the addition to tax is calculated on the net amount due. Sec. 6651(b).

It is not clear whether petitioner's return for either year in issue was filed or processed by respondent, although it is clear that both returns were received by respondent more than 4 months late. Petitioner's explanation for his failure to file a timely return for each year hardly establishes reasonable grounds for that failure. Otherwise, petitioner does not challenge the amount of the section 6651(a)(1) addition to tax for either year, and nothing in the record suggests that the amounts are not properly computed. Respondent's imposition of the section 6651(a)(1) addition to tax for each year in issue is sustained.

Respondent also imposed a section 6651(a)(2) addition to tax for each year in issue. In general, that section provides for an addition to tax in the case of the failure to pay an amount of tax shown on a return. The amount of the section 6651(a)(2) addition to tax shown in each notice of deficiency was computed before respondent's receipt of petitioner's return for each year.

The Court cannot determine: (1) Whether petitioner's 2002 or 2003 untimely return was processed by respondent; or (2) whether in the absence of a timely return for either year, respondent prepared a substitute for return, or a section 6020(b) return. See Cabirac v. Commissioner, 120 T.C. 163, 170-171 (2003).

As with the section 6651(a)(1) additions to tax, respondent bears the burden of production with respect to the imposition of the section 6651(a)(2) additions to tax. That burden has not been satisfied with respect to the section 6651(a)(2) addition to tax for either 2002 or 2003, and petitioner is not liable for a section 6651(a)(2) addition to tax for either year.

To reflect the foregoing,

Decisions will be

entered under Rule 155.