T.C. Summary Opinion 2009-65

UNITED STATES TAX COURT

LAURA L. AND SCOTT M. BURLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20783-07S.           Filed May 7, 2009.

Laura L. and Scott M. Burley, pro sese.

<u>Frederic J. Fernandez</u> and <u>Mark J. Miller</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant periods.  Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 18, 2007, respondent determined a $4,454 deficiency in petitioners' 2003 Federal income tax and a $2,771 deficiency in petitioners' 2004 Federal income tax. For both years, the deficiencies stemmed from the disallowance of--or adjustments made to--petitioners' claimed unreimbursed employee business expenses and other itemized deductions. For the reasons discussed below, and with a few exceptions, we find that petitioners are not entitled to deductions in excess of those respondent already permitted for either 2003 or 2004.

### Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in Apple Valley, Minnesota.

During the years at issue petitioners were both employed as airline mechanics for Northwest Airlines, Inc. (Northwest), and both belonged to the mechanics union.

When Northwest made workforce reductions in 2003, Mr. Burley was "bumped" from his job in Minneapolis by a mechanic with more seniority. He was forced to take an "off station" position with Northwest in order to keep his job and his seniority. The only

position Mr. Burley was able to find with Northwest was in Milwaukee, Wisconsin.

Mrs. Burley remained in Minnesota (and in her job with Northwest as a mechanic in Minnesota) while Mr. Burley commuted between his job in Wisconsin and petitioners' residence in Minnesota.

When Mr. Burley accepted the Milwaukee position, he was under the impression that it would not last longer than a year. Further, because his union had filed a grievance against the airline regarding the layoffs, Mr. Burley anticipated his forced reassignment would not last more than a few months. In September 2004 Mr. Burley was able to return to his position in Minneapolis.

Petitioners deducted various items on their 2003 and 2004 Federal income tax returns, including charitable contributions and unreimbursed employee business expenses. Most of the unreimbursed employee business expenses were attributable to the costs Mr. Burley incurred while living in Milwaukee and traveling between that city and Minneapolis.

The issues for decision are: (1) Whether petitioners are entitled to unreimbursed business travel expense deductions for 2003 and 2004 for the expenses Mr. Burley incurred while working in Milwaukee; (2) whether petitioners are entitled to other unreimbursed employee business expense deductions for 2003 and

2004 beyond those respondent already permitted; and (3) whether petitioners are entitled to deduct charitable contributions made in 2003 and 2004 beyond those respondent already permitted.

## Discussion

### 1. Unreimbursed Business Travel Expenses: "Away From Home"

Ordinarily, a taxpayer may not deduct personal expenses, such as the costs of meals and lodging. Sec. 262. However, if properly substantiated, traveling expenses, including meals and lodging, incurred by a taxpayer during the taxable year while traveling away from home in the pursuit of a trade or business are deductible. Secs. 162(a)(2), 274(d). To qualify for deduction under section 162(a)(2), the traveling expense must be: (1) Reasonable and necessary; (2) incurred while the taxpayer was traveling "away from home"; and (3) directly related to the conduct of the taxpayer's trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The reference to "home" in section 162(a)(2) means the taxpayer's tax home. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Foote v. Commissioner, 67 T.C. 1, 4 (1976); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).

For each year in issue a portion of petitioners' claimed deductions includes amounts spent for meals, lodging, travel, and Internet access while Mr. Burley was working in Milwaukee. According to petitioners, Mr. Burley incurred the expenses while

he was away from home for business purposes. According to respondent, Mr. Burley was not "away from home" while working in Milwaukee.

Generally, a taxpayer's tax home is determined by the location of the taxpayer's regular or principal place of business, regardless of where the taxpayer's residence is located. Mitchell v. Commissioner, supra at 581; Kroll v. Commissioner, supra at 561-562; sec. 1.911-2(b), Income Tax Regs. Usually, if the location of the taxpayer's regular place of business changes, so does the taxpayer's tax home--from the old location to the new location--unless the period of employment at the new location is, or is reasonably expected to be, temporary. Kroll v. Commissioner, supra at 562-563; Mitchell v. Commissioner, T.C. Memo. 1999-283. By law, a "taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." Sec. 162(a).

Petitioners argue that Milwaukee, Wisconsin, should not be treated as Mr. Burley's tax home for the years in issue because his assignment there was temporary. See Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958); Horton v. Commissioner, 86 T.C. 589, 593-595 (1986). Unfortunately, the fact that it turned out to be temporary is not as critical to the analysis as is the assignment's actual duration--14 months. See sec. 162(a).

Further, this Court has previously dealt with the question of whether bumped Northwest mechanics are entitled to deduct expenses incurred while working away from their primary residences. See, e.g., <u>Alami El Moujahid v. Commissioner</u>, T.C. Memo. 2009-42; <u>Riley v. Commissioner</u>, T.C. Memo. 2007-153; <u>Wilbert v. Commissioner</u>, T.C. Memo. 2007-152, affd. 553 F.3d 544 (7th Cir. 2009); <u>Farran v. Commissioner</u>, T.C. Memo. 2007-151; <u>Boque v. Commissioner</u>, T.C. Memo. 2007-150; <u>Stockwell v. Commissioner</u>, T.C. Memo. 2007-149. In each case, we disallowed the deductions upon the ground that the expenses to which the deductions relate were not incurred away from the taxpayer's home. This case is no different.

Given the circumstances surrounding his employment during 2003 and 2004, we can understand why petitioners might consider Mr. Burley's "off station" assignment to be "temporary", as that word is commonly used and understood. After all, at all times relevant it was his intention to return to Minneapolis as soon as possible for business as well as personal reasons. Nevertheless, because the assignment lasted for more than 1 year, it cannot be treated as a temporary assignment for Federal income tax purposes. See <u>Wilbert v. Commissioner</u>, 553 F.3d at 550; <u>Alami El Moujahid v. Commissioner</u>, <u>supra</u>.

Consequently, because Mr. Burley's position with Northwest's Milwaukee site lasted for more than 1 year, that location is considered his tax home for the period he worked there.

Because he was not "away from home" for business reasons, the expenses Mr. Burley incurred while living in Milwaukee--and while traveling back and forth between the Minneapolis metro area and Milwaukee--were incurred for personal purposes, and petitioners are not entitled to a deduction for those expenses. See sec. 262(a); Commissioner v. Flowers, supra; Wilbert v. Commissioner, 553 F.3d at 550.

## 2. Other Unreimbursed Employee Business Expenses

As has often been stated, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[2] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).

---

[2]Petitioners do not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

Petitioners claimed deductions for various unreimbursed employee business expenses for each of the years in issue, including uniform maintenance, tool expenses, professional publications, computer equipment, and office supplies. Petitioners also claimed deductions for the depreciation related to a computer.

As noted earlier, taxpayers are permitted deductions for ordinary and necessary expenses paid or incurred in carrying on a trade or business during the year; personal, living, or family expenses are not deductible.  Secs. 162(a), 262.

If a taxpayer establishes that he or she paid or incurred a deductible expense but does not establish the amount of the expense, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, for the Cohan rule to apply, there must be sufficient evidence in the record to provide a basis for the estimate.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  Certain expenses may not be estimated because of the strict substantiation requirements of section 274(d).  See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Although both parties have made concessions regarding some of the expense deductions, a few remain in dispute, and we address those below.[3]

a.  Computer Equipment

A computer is "listed property" and subject to the strict substantiation requirements of section 274(d).  Sec. 280F(d)(4)(A)(iv).  Petitioners claimed to have used the computer to check on Mr. Burley's job status and visit the union Web site; he used the scanner to assist with his informal teaching of other mechanics.  However, petitioners did not introduce evidence to suggest that either of them was required by Northwest to have a computer, nor did they explain how much of the computer's overall use was for business (as distinct from personal) purposes. Petitioners' purchase of computer equipment and/or upgrades to that equipment was not shown to be an ordinary and necessary business expense.  See Riley v. Commissioner, T.C. Memo. 2007-153; Wasik v. Commissioner, T.C. Memo. 2007-148.  Accordingly, any depreciation related to the computer and peripherals would also not be considered an ordinary and necessary business expense.  We sustain respondent's determination on this issue.

---

[3]To the extent not specifically mentioned herein, we hold that petitioners are not entitled to deductions beyond those respondent already permitted.

b.  Office Supplies

The strict substantiation requirements of section 274(d) do not apply to these types of expenses, and the Cohan rule may apply; however, petitioners must still provide minimum substantiation of such expenses because petitioners bear the burden of proof.  See sec. 6001; Rule 142(a).

Although they may have used binders and other office supplies in their work, petitioners have not sufficiently demonstrated that the purchase of these items was necessary for their employment with Northwest.  We sustain respondent's determination on this issue.

c.  Safety Shoes and Uniform Maintenance

Like office supplies, items such as safety shoes are not subject to the strict substantiation requirements of section 274(d).  Because steel-toed safety shoes are both ordinary and necessary for petitioners' employment as mechanics, and because we are sufficiently satisfied that petitioners met their burden of proof on this issue, petitioners are entitled to deduct the claimed $385 safety shoe expense for 2004.

As for the cost of caring for and cleaning petitioners' uniforms, we remain unconvinced that the amounts already permitted by respondent are unreasonable or that petitioners are entitled to further deductions for that expense.

    d.  Tools and Books

    Like uniforms, tools and books are not subject to the heightened substantiation requirements of section 274(d) and may be estimated under Cohan.

    Petitioners claimed a deduction for tools expenses on their 2003 return.  Petitioners testified that aviation mechanics are sometimes required to bring their own tools, or that their job is more easily performed with better tools than those Northwest provided.  Respondent has already allowed a portion of that expense, but, given the entire record, we are satisfied that petitioners are entitled to the claimed $1,984 for tools and books expenses for that year.

    Similarly, we are satisfied that Mrs. Burley's 2004 purchase of a Handbook for Aviation Maintenance Technicians was both an ordinary and necessary business expense, and petitioners are entitled to a deduction for its cost.

3.  Charitable Contribution Deductions

    Petitioners claimed a noncash charitable contribution deduction of $2,355 on their 2003 Federal income tax return for the donation of their Chevy Blazer.  At trial petitioners explained that the amount should have been $2,375.  Petitioners also claimed a $3,847 deduction for cash contributions.

    Petitioners claimed a $5,669 charitable contribution deduction on their 2004 return, comprising of both cash and noncash donations.

In general, a taxpayer is allowed to deduct any donations, contributions, or gifts made to a qualifying organization. See sec. 170(a), (c). Nothing in the record suggests that the donees to which petitioners made donations were not qualifying organizations.

Petitioners regularly made cash donations to their church, and respondent has already permitted petitioners a deduction for some of those donations. Respondent has also already permitted some of the other charitable deductions petitioners claimed.

We appreciate petitioners' charitable spirit, both to their church and other organizations, but a deduction for a charitable contribution, whether made in cash or otherwise, must be substantiated by at least one of the following: (1) A canceled check; (2) a receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution; or (3) in the absence of a canceled check or receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 170(f)(8); sec. 1.170A-13(a)(1), (b)(1), (3), Income Tax Regs. The reliability of the records is determined on the basis of all of the relevant facts and circumstances. See sec. 1.170A-13(a)(2), Income Tax Regs.

Petitioners provided a "contemporaneous calendar" to support many of their claimed deductions, including their cash charitable contributions, for each of the years in issue. However, some of the other expense notations made on the calendar did not actually belong to either petitioner (such as a mileage notation and attempted deduction for a friend's use of petitioners' truck) and that calls into question the reliability of the calendar in satisfaction of the charitable donation substantiation requirements.

Further, petitioners provided no documentation whatsoever to support their claimed deduction for the donation of their Chevy Blazer in 2003. Although it does happen that taxpayers lose their receipts, in this case, without even a letter from the donee organization describing the donation, we are unable to permit petitioners a deduction for it.

In sum, we do not find petitioners' records sufficiently persuasive or otherwise to satisfy the provisions of the regulation cited above. Petitioners are not entitled to a charitable contribution deduction for either year in excess of the amounts already conceded by respondent.

4. Conclusion

After taking into account the concessions made by the parties, as well as the various issues decided today, there may be further mechanical adjustments to be made to petitioners' 2003

and 2004 returns.  See, e.g., sec. 67(a) (providing a 2-percent floor on miscellaneous itemized deductions).

Therefore, to reflect our disposition of the disputed issues,

<u>Decision will be entered under Rule 155</u>.